[S. F. No. 1206.    Department Two.—February 20, 1901.]

WILLIAM TOMSKY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

ESTATES OF DECEASED PERSONS—GUARDIANSHIP—PAYMENTS TO ATTORNEY IN EXCESS OF ALLOWANCE—ORDER FOR REPAYMENT—JURISDICTION.— Where an executrix, who was also guardian of a minor, paid an attorney a retainer in both matters, which was in excess of the allowance made by the court, the court need not allow her in her accounts the excess paid, but that cannot affect her liability upon the contract with the attorney, which she had a right to make, and the superior court has no jurisdiction to order the attorney to make repayment of the money paid to him in excess of the allowance, upon the alleged ground that it had been wrongfully obtained from the representative of the estate, and had not been earned.

ID.—PUNISHMENT OF ATTORNEY FOR CONTEMPT—EXCESS OF JURISDICTION —CERTIORARI.—It was in excess of the jurisdiction of the court to punish the attorney for contempt for disobedience of its order to make repayment to the executrix and guardian, on the alleged ground that he obtained the moneys from the executrix under and by reason of his promise to her diligently and prop-

erly to attend to the settlement and distribution of the estate, and to pay the costs and charges of administration, and that he had failed and refused to perform such promise, and that he did not use the moneys obtained from the guardian for the purposes for which he obtained the same, but converted the whole thereof to his own use; and its order adjudging the attorney guilty of contempt will be annulled upon *certiorari.*

Id.—Professional Misconduct not Shown.—The facts stated as the grounds on which the contempt was adjudged do not show such professional misconduct as would justify the court in exercising its summary jurisdiction to punish the attorney for contempt.

Id.—Rights of Attorney—Neglect of Duty—Trial in Ordinary Action—Due Process of Law.—The attorney had the right to his day in court, and to have the question tried in an ordinary action brought against him upon his contract, whether he did or did not neglect the professional duty imposed upon him by the terms of the contract. The fact that he is an attorney and officer of the court does not deprive him of his right to the equal protection of the law, nor of his right not to be deprived of his property otherwise than by due process of law.

CERTIORARI from the Supreme Court to annul orders of the Superior Court of the City and County of San Francisco adjudging the petitioner guilty of contempt. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

William Tomsky, Petitioner, *in pro. per.*

Henry H. Reid, and E. S. Solomon, for Respondent.

THE COURT.—Application of a writ of *certiorari* to review certain orders of said court, Department Nine thereof, adjudging petitioner guilty of contempt.

The petitioner was the attorney of one Dora Levy, the executrix of the will of Michael L. Levy, deceased, whose estate was being administered in said court, and also of said Dora Levy, as guardian of the estate of one Marcus Levy, a minor, which was also pending in said court. The said Dora Levy paid to petitioner the sum of eighty dollars as a retainer and for costs in the estate, and the sum of thirty dollars as a retainer and for costs in the guardianship matter. On the first day of November, 1897, the court made an order in the

said estate, reciting that petitioner had received the sum of eighty dollars from the executrix "which he claims as his attorney's fees," and that no order of court had been made allowing attorneys' fees. The order then fixed the sum of twenty-five dollars as the attorney's fee for the services of petitioner, and further ordered that he "return to said executrix herein forthwith the sum of fifty-five dollars."

On the same date the court made an order in the guardianship matter reciting that petitioner had received from said guardian the sum of thirty dollars, which "he claims as his attorney's fees herein," and that no order of court had been made fixing attorneys' fees. The order then directed the petitioner to return to the guardian "forthwith the sum of thirty dollars."

On the tenth day of November, 1897, the petitioner, not having complied with the said orders, or either of them, was, after notice, brought before the court on contempt proceedings. An order in the estate was made reciting, among other things: "That said William Tomsky obtained said moneys from said executrix under and by reason of his promise to her to diligently and properly attend to the settlement and final distribution of said estate, and to pay the necessary costs and charges of, and pertaining to, the administration of said estate, but that he has failed, neglected, and refused to perform the duties so undertaken by him, or to pay out of said moneys, or at all, the necessary costs and disbursements herein pertaining to said estate." The order further adjudged petitioner guilty of contempt of court in neglecting and refusing to return said money as ordered by the court, and directed that he be committed to the county jail, imprisoned five days, pay a fine of one hundred dollars, and that he be further committed to the county jail for the period of one day for every twenty dollars of the fine until said fine be paid. On the same day the court made an order in said guardianship matter, reciting the failure of the petitioner to pay the said thirty dollars as ordered by the court, and that said petitioner "has not used any of said moneys for the purposes for which he obtained the same, but has converted the whole thereof to his own use."

The order further adjudged petitioner guilty of contempt in refusing to pay the said money as ordered by the court, and as a punishment therefor directed that he be imprisoned in the county jail for five days and pay a fine of one hundred dollars; and, in default of payment, that he be committed to the county jail one day for each twenty dollars of said fine until the fine be paid. The foregoing statement shows that the court, without a trial, and without giving the petitioner the right to a defense in the ordinary way, found him guilty of neglect of duty and failure to perform services, and directed him in a summary manner to refund the money that had been paid to him. The court in so doing exceeded its jurisdiction. The money paid to petitioner was not paid to him as a trust fund; nor was it paid to him by order of court for a certain purpose. It had not been embezzled or fraudulently taken by him. It was money paid to him as a retainer and for services by Dora Levy, who employed him. She had the right to employ him and to make a contract with him, and such employment and contract were binding upon her. If petitioner failed to comply with his contract, or to perform the agreed services, she had her remedy by ordinary action against him, and the courts are open to her for such purpose. In her accounts with the estate, the court would allow her for reasonable attorneys' fees, and if she paid out money for services that were never performed, or if she paid more than the reasonable value of such services, she might not be allowed such item in her account, but that would not affect the question as to her liability to petitioner. The petitioner had the right to his day in court, and to be heard as to whether or not he had neglected to attend to the business of his employment as agreed. It is true he is an attorney of the court and an officer thereof, but that does not deprive him of the equal protection of the law. The judge of the court could not arbitrarily order him to refund a retainer received by him for the mere reason that in the opinion of the judge it had not been earned. The court would have the power to allow or reject the items so paid when the account of the executrix or guardian was presented for settlement, but its protecting arm does not extend so far that it can order all parties to refund money which, in the opinion of the

judge, has been wrongfully obtained from the representative of the estate.

It was said by this court in *Ex parte Hollis*, 59 Cal. 413: "It is a principle that underlies all institutions and forms of government that no man can be deprived of his property except in proceedings according to law, unless it be confiscated for the necessities or good of the public. If his title is claimed to be invalid or fraudulent and void, he is entitled to be heard according to the forms of law. Proceedings to punish him for contempt for not delivering it up, without a trial according to law, to another who claims it, are not the appropriate proceedings for the trial of issue of title. The issue of such title should be tried in an appropriate action, in which the verdict of a jury or the findings of the court may be had upon issues properly framed for the purpose of definitely determining the question of title." (See, also, *Ex parte Casey*, 71 Cal. 269; *In re Paschal*, 10 Wall. 492.)

In the latter case it was said by the supreme court of the United States: "The attorney may have cross-demands against his client, or there may be disputes between them on the subject proper for a jury or a court of law or equity to settle. If such appear to be the case, and no professional misconduct be shown to exist, the court will not exercise its summary jurisdiction. And as the proceeding is in the nature of a contempt, the respondent ought to be permitted to purge himself by his oath. 'If he clear himself by his answers,' says Justice Blackstone, the complaint is totally dismissed."

We do not think the record in this case shows any professional misconduct. No fact is found from which we could say the petitioner was guilty of professional misconduct. If he neglected to perform the professional services which he had agreed to perform, it might be in one sense professional misconduct, but whether he did so neglect or not was a question the petitioner had the right to have tried in the proper manner.

The orders are set aside and annulled.

Hearing in Bank denied.