[S. F. No. 2504.   Department Two.—May 25, 1903.]

MARY ANN BRUNINGS, Restored to Capacity (substitute for Mary Brunings, an Insane Person, by E. Myron Wolf, her Guardian), and W. L. PIERCE, Respondents, v. HULDA R. TOWNSEND, Appellant.

ORDER TO TURN OVER PROPERTY—SUMMARY PROCEEDING—DISCRETION OF COURT.—A summary proceeding to order money or other property delivered without an action or regular trial of issues joined is not favored, and can be justified only under peculiar circumstances, and the refusal to allow it in a particular case is within the discretion of the court, and will not be disturbed if the discretion is not abused.

ID.—CONTINGENT INTEREST OF DEFENDANT.—The fact that the defendant in an action, who asks for a summary order to turn over money, has a contingent interest in such part of the money, if any, as may remain after the death of the plaintiff, if occurring prior to that of the defendant, cannot justify the summary remedy.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to require a plaintiff to pay over money.   F. M. Angellotti, Judge presiding.

The facts are stated in the opinion of the court.

Foshay Walker, for Appellant.

W. L. Pierce, Respondent, *in pro. per.*

Fred B. Lake, for Mary Ann Brunings, Restored to Capacity (substituted for Mary Brunings, an Insane Person, by E. Myron Wolf, her Guardian), Respondent.

McFARLAND, J.—This is an appeal by defendant, Townsend, from an order refusing to require the respondent Pierce to pay certain money.

The action of Mary Brunings, by her guardian, Wolf, *versus* Hulda R. Townsend, was brought to recover from the defendant about $11,500 on deposit in a certain bank in the name of defendant, but alleged to be the property of the plaintiff.   In that action W. L. Pierce was the attorney of the plaintiff, and after a trial judgment was rendered on June 8, 1899, that "for

the uses and purposes hereinafter specified," the plaintiff "have and recover from the defendant Hulda R. Townsend the sum of eleven thousand four hundred and eighty-six dollars and eleven cents ($11,486.11), being" the money deposited in the name of defendant, as averred in the complaint, with interest, and "that she, the plaintiff, is the owner of the same, subject to the conditions hereinafter set forth." As to the other parts of the judgment, it is sufficient for the purposes of this present appeal to say that it provides that said Wolf, plaintiff's guardian, be also appointed her trustee, and have the custody of said money; that as trustee he pay to himself, as guardian, all orders drawn in his latter capacity, not to exceed three hundred dollars in any one year, "and such other and further sums to such persons as the court may direct"; and it is further declared that if, at the death of the plaintiff, "there remains any portion of said money," the remainder, if any, after payment of the expenses of the last sickness, funeral expenses, etc., "and other payments, if any, as ordered by the court," shall belong to the defendant, Townsend; but that if the said defendant shall not survive the plaintiff, then "the said money and deposits shall be the property of the plaintiff absolutely."

A few days after the entry of the judgment,—on June 13, 1899,—the court made an order in which it is recited that the guardian of the plaintiff Brunings employed the said Pierce as attorney for plaintiff in said action, and agreed with him, subject to the approval of the court, that in case of the recovery of the money sued for, Pierce should receive as compensation for his services as such attorney one third of the amount of the money so recovered; but in case the action was unsuccessful, then he was not to receive any compensation whatever; that $11,480 had been recovered; that it appeared from the testimony of certain named well-known attorneys that the said agreement between the guardian and attorney was a proper, fair, and just one; that the services of his attorney were fully and reasonably worth the said share agreed upon; and after said recitals, it is ordered that said agreement and compensation are approved by the court, and that the guardian draw from the trustee $3,800, and pay the same to the said Pierce. In compliance with said order, the guardian paid the

.said amount of money to Pierce. There was no notice of the motion for this order given the defendant or her attorney. On December 5, 1899, the defendant, by her attorney, gave notice of a motion to vacate said order of June 13th, and to require said Pierce to pay back said $3,800. After the hearing of this motion the court, on February 28, 1900, made an order vacating the said order of June 13, 1899, allowing the attorney's fee, but refused to order Pierce to pay back the money; and from the latter part of said order—refusing to so order Pierce—this present appeal is taken by the defendant, Townsend.

As want of notice to defendant of the order of June 13th was one of the grounds on which the motion to vacate was based, we may assume that the order vacating it was made on that ground, without considering the opinion of the judge of the court below, printed in the transcript, which expressly states that it was made on that ground alone.

There are a number of things in the record which are pressed by respondent, but which, under our views, we do not deem it necessary to discuss; nor need we inquire whether or not, according to respondent's contention, this is now only a moot case. The summary proceeding of ordering money or other property delivered without an action to recover the same, in which issues may be properly framed and a verdict of a jury or findings of a court had after a regular trial, is not a favored one and can be justified only under peculiar circumstances. (*Ex parte Hollis,* 59 Cal. 405; *Ex parte Casey,* 71 Cal. 269; *Tomsky* v. *Superior Court,* 131 Cal. 620; *In re Paschal,* 10 Wall. 492.) The proceeding has sometimes been upheld as against an attorney, upon the ground that he is an officer of the court, where he has been guilty of misconduct towards his client, and at the instance of the client. (See cases cited in note 2 on page 112 of volume 3 of Encyclopedia of Pleading and Practice.) In the case at bar the attorney in question was not guilty of professional misconduct, and his client is not the complainant. The fact that the defendant in the action, who asks for the summary proceeding, has a remote contingent interest in such part of the money, if any, as may remain after the death of the plaintiff—provided the latter die before the defendant—gives her no right to invoke the exercise of this

extraordinary and harsh power. Moreover, even as between attorney and client, it is within the discretion of the court to determine in a particular case whether it will use the summary proceeding or remit the complainant party to his action. As was said in *Schell* v. *City of New York*, 128 N. Y. 69, "It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceeding against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right." And in the case at bar we certainly cannot say that the court below abused its discretion in not complying with the demand for the summary proceeding.

The part of the order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurring.

Hearing in Bank denied.