## Ex Parte Le Hardy.

Apelación contra resolución del Juez Asociado Sr. MacLeary, desestimando una solicitud de *habeas corpus*.

No. 381.—Resuelto en octubre 24, 1911.

Desacato—Desobediencia de una Orden Ilegal.—Una orden ilegal dictada por una corte sin jurisdicción o extralimitándose en ella, no hay obligación de respetarla y su desobediencia no apareja castigo por desacato, pues para que se cometa desacato es necesario que se desobedezca voluntariamente una orden legal librada con jurisdicción sobre la materia litigiosa y sobre las partes litigantes.

Jurisdicción—Requisitos Esenciales.—Para que exista jurisdicción deben concurrir tres requisitos esenciales. 1°. Que la corte haya sido autorizada para conocer de la clase de asunto a que el sometido pertenece; 2°. Que las propias partes estén presentes, o hayan sido llevadas al tribunal en la forma y manera establecidas por la ley; y 3°. Que el punto decidido esté comprendido en sustancia y efecto dentro de la materia del pleito.

Patria Potestad—Limitación o Suspension de la Patria Potestad—Jurisdicción de las Cortes de Distrito.—Las cortes de distrito tienen jurisdicción por ministerio de la ley para conocer de pleitos en donde se discute si la patria potestad de un padre debe ser limitada o suspendida.

Id.—Posesión de los Hijos—Sostenimiento del Statu Quo Durante el Litigio.—Una corte de distrito que conoce de un pleito entablado por el padre contra la abuela de sus hijos para quitarle la posesión que de los mismos tiene al entablarse la acción, tiene facultades para mantener durante el litigio el *statu quo* existente al iniciarse la acción y por lo tanto puede exigir al padre que sólo vea a sus hijos durante ciertas horas en la semana y que expirado dicho tiempo los devuelva a la posesión de la abuela y la desobediencia voluntaria de esa orden por el padre, negándose a devolver los hijos y reteniéndolos en su poder después de haber sido requerido para que los entregara al márshal de la corte, constituye un desacato al tribunal.

Habeas Corpus—Revisión de Resoluciones.—En el procedimiento de *habeas corpus* sólo puede estudiarse la jurisdicción del tribunal para dictar una orden que ha sido desobedecida, pero la justicia o injusticia de la resolución, únicamente puede ser revisada por medio del recurso de apelación o *certiorari*.

PROCEDIMIENTOS JUDICIALES—PRESUNCIÓN DE REGULARIDAD.—En los procedimientos judiciales la presunción es siempre a favor de su regularidad a menos que se demuestre lo contrario.

Los hechos están expresados en la opinión.

Abogado del peticionario apelante: *Sr. Rafael López Landrón.*

Abogado del Pueblo: *Sr. Jesús Ma. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito del Distrito Judicial de San Juan, Sección Segunda, radicó León P. Le Hardy un pleito contra Da. Juana Acosta Vda. de Meltz, con fecha 23 de julio de 1910, en el que, después de alegar sustancialmente que había sido casado con Da. Hilda Meltz Acosta, de la que, a su muerte, le quedaron dos hijos nombrados Philippe y Hilda de cuatro y tres años de edad, respectivamente; que habiendo ocurrido el fallecimiento de la consorte mientras él se hallaba ausente de esta Isla, a su regreso dejó sus hijos encomendados a su abuela la demandada, para que cuidara de ellos, pero que desde fines del mes anterior a la demanda, la demandada hace resistencia a que el demandante los recoja y tenga en su compañía, por lo que pedía a la corte que declarando que dichos niños, como hijos legítimos no emancipados y en la infancia están sujetos a su patria potestad, debiendo obedecerle y vivir en su compañía, condenase a Doña Juana Acosta viuda de Meltz, a que se los entregue y restituya.

Con esa demanda presentó también el demandante una solicitud para que se asegurara la sentencia que en su día se dictase, y en ella pidió que se prohibiera a la demandada el que cesara de hacer resistencia a la entrega de los niños a su padre.

Negada esa moción, recurrió de ella el demandante por medio de un auto de *certiorari* ante este Tribunal Supremo, quien en 24 de octubre del mismo año, anuló la resolución recurrida y ordenó a la corte inferior que adoptase cualquier medida que asegurase la devolución de los niños, para el caso

de que el padre demandante obtuviera en definitiva un fallo a su favor.

Como consecuencia de esta sentencia, compareció Doña Juana Acosta, ante la corte de distrito que conocía del asunto, y después de expresar que está dispuesta a cumplir la sentencia que en el pleito se dicte, aunque le sea contraria, manifestó que prestará la fianza que se le exija para asegurar que devolverá los niños al demandante en caso de que el fallo sea favorable a éste. Después de esta moción aparece que al día siguiente el juez fijó la cuantía de esa fianza en un mil dollars.

Algunos días después, en 9 de noviembre, el demandante presentó una moción a dicha corte de distrito, en la que después de exponer que la Corte Suprema había dispuesto que para asegurar la sentencia que recayere, procediera la corte inferior a depositar los niños en poder de la abuela demandada, bajo fianza bastante a garantizar que serían restituídos al demandante cuando así se decretara, o a adoptar cualquiera medida adecuada a las circunstancias, y que tales medidas debían tomarse con su intervención, propuso y pidió a la corte: 1º. Que los niños quedaran en poder y al cuidado de la abuela demandada mediante fianza de un mil pesos y mientras otra cosa se resuelva; 2º. Que el demandante pueda ver y visitar a sus hijos y llevarlos consigo a su domicilio o de paseo los domingos y días festivos y hacer cuanto no sea incompatible con el depósito en que quedan; y 3º. Que si lo propuesto no fuere aceptado por la abuela se designase una tercera persona que bajo esas condiciones conservara a los niños.

Como consecuencia de esa moción y de otra de la demandada en la que se opuso a esas pretensiones, pero consignó que ya había prestado la fianza de un mil pesos exigida, la corte, por su resolución de 22 de noviembre de 1910, dispuso que las partes se pusieran de acuerdo, para que un día de cada semana los niños estuvieran a la disposición del demandante y bajo su custodia durante seis horas continuas, pudiendo en

ese tiempo llevarlos a su domicilio, pero que cualquier tentativa del demandante de conservarlos y no devolverlos a la demandada a la terminación de esas seis horas, sería considerado por la corte como un desacato grave.

No habiéndose puesto de acuerdo las partes respecto a la fijación de día y hora, entonces, a petición del demandante, fijó la corte los domingos desde las diez de la mañana hasta las cuatro de la tarde.

El pleito siguió su curso, la demandada presentó su contestación y una reconvención o contrademanda para que, de acuerdo con el artículo 236 del Código Civil, se privara al demandante de su patria potestad o se le suspendiera en su ejercicio.

Es un hecho no controvertido por las partes, que después de la orden últimamente citada, el demandante, de acuerdo con ella tenía a sus hijos en su poder los días y horas mencionados, hasta que el domingo 30 de julio del presente año, el demandante, que había sacado de la casa de la demandada solamente al niño Philippe por estar la otra algo enferma, no lo devolvió a la abuela, ni lo había devuelto al día siguiente en que ella puso ese hecho en conocimiento de la corte de distrito, a la que pidió las medidas necesarias para que la orden de la corte continuara cumpliéndose, le fuera devuelto el niño e hiciera lo demás que fuera procedente por la infracción cometida.

Con vista de esa manifestación que estaba jurada, ordenó la corte el mismo día, que el márshal requiriese al demandante para que sin demora devolviera el niño Felipe Le Hardy y Meltz a Doña Juana Acosta, y también para que compareciera a mostrar causa para no ser castigado por desacato a la corte.

Del certificado del márshal, fechado el mismo día, resulta que al requerimiento de dicho funcionario para que el demandante devolviese el niño, contestó el requerido manifestando que "no entregaba el niño Felipe y que sólo poniéndolo preso podrían quitarle el citado niño."

Puesto este hecho en conocimiento de la corte, ésta, el

mismo día 31 de julio dictó otra orden mandando al márshal que inmediatamente se incautara del expresado niño y lo entregara a la demandada, y que notificara al demandante que habiendo desobedecido la orden de la corte se le citaba para que el dos de agosto siguiente compareciera a exponer causa por la que no deba castigársele por desacato. En cumplimiento de esa orden el niño fué entregado por el Sr. Le Hardy al márshal, quien a su vez lo entregó a la abuela.

En 2 de agosto último, la Corte de Distrito de San Juan, Sección Segunda, teniendo presente a León P. Le Hardy, asistido de su abogado, dictó una orden condenándole a satisfacer una multa de cien dollars y quince días de arresto, mas las costas, por el delito de desacato, consistente en haber retenido en su poder al niño Felipe Le Hardy y Meltz por más tiempo del comprendido en la orden de 10 de diciembre de 1910, y en haberse resistido a obedecer la orden de 31 de julio de 1911 que le mandó entregar el niño que retenía.

Detenido León P. Le Hardy para cumplir la pena impuesta, inmediatamente presentó a uno de los jueces de este Tribunal Supremo una solicitud de *habeas corpus* para que se le pusiera en libertad, alegando que su arresto era ilegal porque la Corte de Distrito se había extralimitado en su jurisdicción, pues no tenía poder para privarle de la patria potestad sobre sus hijos menores de edad, sino en virtud de sentencia firme y de acuerdo con los artículos 235 y 236 del Código Civil.

Oída la solicitud, y después de amplia discusión, fué desestimada en 9 de agosto último, ordenándose además, que el peticionario fuera devuelto al márshal de la Corte de Distrito de San Juan.

Contra esta resolución se ha interpuesto el presente recurso de apelación.

De los hechos que dejamos relatados, claramente se desprende que el peticionario entiende que no venía obligado a cumplir ni obedecer las órdenes de la Corte de Distrito de San Juan, referentes a que sus hijos estuvieran bajo la custodia de la abuela y a que él hubiera de conservarlos en su

compañía nada más que durante seis horas los domingos, y por tanto, que el no obedecerlas, no constituye desobediencia y hace ilegal una condena por desacato o incumplimiento de las mismas.

Es cierto que una orden ilegal de una corte, por haberse dictado sin jurisdicción, o extralimitándose en ella, no hay obligación de respetarla y su desobediencia no apareja castigo por desacato, según hemos resuelto ya en el caso de *Laura Nuñez* v. *El Juez de la Corte de Distrito de Mayagüez*, en procedimiento de *certiorari*, resuelto en 20 de marzo de 1908, ya que para que se cometa desacato es necesario que se desobedezca voluntariamente una orden legal librada con jurisdicción sobre la materia litigiosa y sobre las partes litigantes.

*Tomsky* v. *San Francisco Super. Ct.*, 131 Cal., 620; 63 Pac., 1020.

*Ex parte Clark*, 126 Cal., 235.

*Ex parte Fronman*, 124 Cal., 387.

*Ex parte Widber*, 91 Cal., 367.

De acuerdo, pues, con este principio, la cuestión a resolver es, si en el presente caso, las mencionadas órdenes de la Corte de Distrito de San Juan eran ilegales por haberlas dictado sin jurisdicción. Respecto a que fueron desobedecidas voluntariamente por León P. Le Hardy, es cuestión no discutida ni discutible.

La jurisdicción ha sido definida como el poder y autoridad constitucionalmente conferido, o reconocido como existente, en una corte o juez para pronunciar la sentencia que sea de acuerdo con la ley, o para conceder los remedios establecidos por la misma sobre hechos probados o admitidos y sometidos al tribunal para su decisión, estando éste autorizado para conocer de tal materia y para juzgar tales personas estando presentes, o que hayan sido llevadas a la corte de la manera y forma sancionada por la ley.

De esta idea de la jurisdicción se desprende que para que exista deben concurrir tres requisitos esenciales: 1°. Que la corte haya sido autorizada para conocer de la clase de asunto,

a que el sometido pertenece; 2°. Que las propias partes estén presentes, o hayan sido llevadas al tribunal en la forma y manera establecida por la ley: y 3°. Que el punto decidido esté comprendido en sustancia y efecto dentro de la materia del pleito.

Black on judgments, vol. 1°., páginas 215, 216 y 242.

Y la corte que actúa con jurisdicción, tiene también el poder de hacer cumplir y respetar sus sentencias, órdenes y providencias. (Cód. de Enj. Civil, art. 7, pár. 4°.; Bouvier's Law Dictionary, vol. 2°., pág. 57.)

Es indudable que la Corte de Distrito de San Juan, Sección 2°., tenía jurisdicción para conocer del pleito en que se dictaron las órdenes desacatadas, pues está autorizada por la ley para conocer de la materia objeto del mismo o sea para determinar a quién corresponde la guarda y cuidado de, los niños Felipe y Hilda y si la patria potestad de su padre debe ser limitada o suspendida; y también tenía jurisdicción sobre el peticionario ya que él se presentó ante esa corte pidiéndole que resolviera su contienda con la abuela de esos menores y la obligara a entregárselos.

Estos dos requisitos de la jurisdicción no son negados por el peticionario, quien sólo disiente y niega que la corte tuviera jurisdicción para dictar las dos órdenes mencionadas, estimándolas ilegales porque el pleito no le daba poder para privar al peticionario de la patria potestad sobre sus hijos, por una orden, sino mediante una sentencia y en los casos establecidos en el Código Civil.

No hay que olvidar la naturaleza del pleito establecido por Le Hardy y los hechos que los motivaron, pues son de importancia suma en el presente caso.

La demanda consignó que los hijos del demandante Le Hardy estaban en poder de la abuela y estimando que él exclusivamente tenía derecho a conservarlos en su compañía, para realizar los derechos y deberes que le concede e impone la patria potestad, pidió a la corte que declarando éstos y en

cumplimiento de los mismos, ordenara a la abuela demandada que se los entregara.

Existía, pues, un estado de hechos, o sea la tenencia legal o ilegal de los niños por su abuela, que no podía alterar la naturaleza de la acción que ejercitó, y que había de subsistir, mientras una sentencia definitiva no resolviera la cuestión planteada por la demanda.

La mera interposición de una acción civil ordinaria, no produce el resultado de alterar los hechos existentes al iniciarse, pues lo contrario sería anticipar una sentencia a favor del demandante; y lo único a que en todo caso éste tiene derecho, es a que durante el pleito las cosas permanezcan *in statu quo* y a que se le garantice que no será ilusoria una sentencia favorable a sus pretensiones.

Y que esto es así, lo reconoció el mismo peticionario, cuando pidió que se asegurase la sentencia que hubiera de dictarse y lo declaró también esta Corte Suprema cuando, resolviendo el auto de *certiorari* establecido por Le Hardy, ordenó a la corte inferior que tomase las medidas consiguientes para el aseguramiento de la sentencia, indicando en su opinión que podía consistir en una fianza que prestara la demandada o en cualquier otra medida que garantizara que la sentencia sería cumplida, si era favorable al demandante.

Antes de esta resolución de la Corte Suprema, y con mayor razón después de ella, la corte podía tomar aquellas medidas que fueran necesarias para mantener el *statu quo* durante el pleito y también para asegurar la efectividad de la sentencia.

Por tanto, el tercer requisito de que el punto decidido esté relacionado con la controversia de las partes también existe, por lo que la corte de distrito actuaba con jurisdicción.

Las órdenes desobedecidas no quitaban la patria potestad al padre sobre sus hijos como sostiene el peticionario, sino que lo que hicieron fué únicamente mantener la situación existente entre los litigantes al comenzar el pleito. Ni privó ni suspendió el ejercicio de la patria potestad del peticionario

y sí solo, mientras se dictaba la sentencia definitiva, dejó a los niños en la misma situación en que estaban.

Una orden de esta naturaleza no resuelve derecho alguno.

Siendo, pues, las mencionadas órdenes de las que pudo dictar la corte por estar relacionadas con la controversia de las partes, tuvo jurisdicción para pronunciarlas; y como contra ellas no se ha interpuesto recurso de apelación o de *certiorari*, único medio de revisar la justicia de las mismas, han de quedar en vigor y deben ser cumplidas, sin que nosotros podamos en auto de *habeas corpus* estudiar otra cosa que si se dictaron con jurisdicción, ya que dicho auto no puede producir el efecto de suplir dichos recursos. (Véase Black on Judgment, vol 1°., páginas 254 a 256 de la Segunda Edición.)

Por el peticionario se argumenta que, dados los términos en que se dictó la orden de aseguramiento y sus concordantes, la corte inferior no tenía facultad para hacerla cumplir sin la previa prestación de fianza, la que no ha sido prestada ni aprobada ya que no figura unida al pleito.

De los hechos expuestos al principio, con vista del récord de la apelación, aparece que la demandada pidió a la corte que se le fijara la cuantía de la fianza, la que estaba dispuesta a prestar; que ésta se fijó en un mil pesos, siendo la misma cantidad que solicitó el demandante que se fijara; y como los niños continuaron en poder de la demandada, hemos de suponer que la fianza se prestó, ya que es nuestro deber presumir la regularidad de los procedimientos, a menos que se nos demuestre lo contrario, no habiendo nada en el récord que demuestre que no se prestó, ya que el hecho de no estar agregada al pleito, no demuestra concluyentemente que en realidad no se prestara.

Además, aun en el supuesto de que no se hubiera prestado la fianza por la demandada, esto daría derecho al demandante y peticionario para pedir que se otorgara, o que la corte tomara cualquier otra medida pertinente como consecuencia de esa falta, pero no a desobedecer la orden.

No vemos nada que excuse la desobediencia de León P. Le Hardy, por lo que debe confirmarse la resolución apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Sr. MacLeary no tomó parte en la resolución de este caso.