PIOVANETTI ET AL., DEMANDANTES Y APELADOS, *v.* PAZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *mandamus.*

No. 2173.—Resuelto en junio 1, 1920.

ASAMBLEAS MUNICIPALES—VACANTES EN LAS ASAMBLEAS MUNICIPALES—MANERA DE CUBRIRLAS.—El artículo 22 de la vigente ley municipal debe ser interpretado en el sentido de que las asambleas municipales están obligadas a cubrir las vacantes que ocurran en su seno con la persona que le proponga el organismo director local del partido que eligió el miembro cuya vacante haya de cubrirse, sin poder pedir que se les proponga más de una para cada vacante y sin tener el derecho de elección.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Tous Soto.*

Abogado de los apelados: *Sr. C. del Toro Fernández.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Según el artículo 22 de la Ley No. 85 aprobada en 31 de julio de 1919, denominada "Ley Municipal", las vacantes que ocurran en las asambleas municipales se cubrirán por éstas con personas que tengan la condición de elegibles y sean de la misma filiación política del miembro que causare la vacante, a propuesta del organismo director local del partido que eligió el miembro cuya vacante haya de cubrirse.

En la Asamblea Municipal de Yauco ocurrió la vacante de un miembro de la minoría en ella, afiliado al partido político "Unión de Puerto Rico," y habiendo propuesto el orga-

nismo director de este partido en Yauco a Carlos del Toro Fernández para ocupar la vacante, la asamblea municipal acordó pedir y pidió a dicho organismo político que enviara una terna de candidatos para cubrir esa vacante de acuerdo con una regla que había adoptado en su reglamento interior y no atendió al requerimiento que le hizo el otro miembro de la minoría para que nombrara la persona propuesta.

Establecido un procedimiento de *mandamus* para que se ordenara a los miembros de la mayoría de la asamblea municipal que nombraran para dicha vacante a la persona propuesta así lo decretó perentoriamente la Corte de Distrito de Ponce despues de haber oido a los demandados, quienes interpusieron el presente recurso de apelación contra esa sentencia.

La única cuestión fundamental planteada por las alegaciones es la de si la asamblea municipal tiene que nombrar en esa vacante a la única persona que le propuso el organismo director del partido de la minoría o si tiene derecho a pedir que se le propongan candidatos para escoger entre ellos el que parezca más conveniente.

Basta este enunciado para comprender que no tienen razón los apelantes, pues la Ley Municipal no los autoriza para exigir que el partido de la minoría le proponga varias personas para cubrir la vacante que dejó uno de sus afiliados, sino que dice que la vacante se cubrirá a propuesta del organismo director del partido que eligió el miembro cuya vacante haya de cubrirse. A este partido es a quien se concede el derecho de proponer el candidato y por tanto el de escoger el que crea más conveniente; y tiene que ser así porque no puede quedar a merced del partido contrario en la asamblea municipal la elección de la persona que ha de representar en ella al partido de la minoría, siendo este el resultado si tuviera el derecho de pedir que se le proponga más de una persona.

La única interpretación que puede darse al artículo 22 citado es que las asambleas municipales tienen que cubrir

las vacantes que ocurran en su seno con la persona que le proponga el organismo director del partido que eligió el miembro cuya vacante haya de cubrirse, sin poder pedir que se le proponga más de una para cada vacante y sin tener el derecho de elección.

Las otras cuestiones planteadas por los apelantes no son de importancia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.