TORRES, DEMANDANTE Y APELADO, *v.* ASAMBLEA MUNICIPAL DE GUÁNICA, DEMANDADA Y APELANTE.

No. 3230.—*Visto:* Abril 11, 1924. *Resuelto:* Junio 13, 1924.

ASAMBLEAS MUNICIPALES—VACANTES EN LAS ASAMBLEAS MUNICIPALES; MANERA DE CUBRIRLAS—NOMBRAMIENTO DE MIEMBROS DE LAS ASAMBLEAS.—Ratificando la doctrina establecida en *Piovanetti* v. *Paz,* 28 D. P. R. 337, se resolvió en el presente caso: que el poder de nombramiento de la asamblea municipal para cubrir vacantes de sus miembros es meramente subsidiario. La designación la hace principalmente el pueblo por conducto del organismo local del partido político a que pertenece el miembro saliente. Al hacer, pues, la sustitución, la asamblea actúa ministerial y no discrecionalmente.

ID.—ID.—ID.—La enmienda introducida al artículo 22 de la Ley Municipal de 1919 después de la resolución de *Piovanetti* v. *Paz (supra)* no afectó la doctrina de dicho caso.

ID.—*Mandamus*—PARTE INTERESADA.—Una persona capacitada para desempeñar el puesto de miembro de la asamblea municipal y propuesta para tal cargo por el partido político a que pertenecía el miembro saliente, tiene el interés necesario para acudir al recurso de *mandamus* y no necesita alegar la falta de otro remedio adecuado.

ID.—ID.—ALEGACIÓN INNECESARIA.—Tratándose de cuestión de tan alta naturaleza pública como es la selección de una persona para representar en la asamblea municipal a determinado distrito electoral, no es necesario alegar en la petición de *mandamus* que la asamblea fué requerida para que diera la posesión del cargo al candidato elegido.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar petición de *mandamus* con costas. *Confirmada.*

*J. R. Gelpí,* abogado de la apelante; *R. Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Ponce expidió un auto perentorio de mandamus dirigido a la Asamblea Municipal de Guánica ordenándole que procediera a hacer el nombramiento del peticionario como miembro de dicha asamblea. El peti-

cionario alegó que existía una vacante en la asamblea con motivo de la renuncia de un miembro socialista y haber sido nombrado debidamente el peticionario por el partido socialista para cubrir la vacante. Teniendo conocimiento de esta vacante, o tal vez actuando por la indicación hecha por otro miembro socialista de la asamblea, ésta solicitó del partido socialista el envío de una terna a la expresada asamblea.

Con excepción de que la vacante era de un miembro unionista los hechos principales de este caso son idénticos a los de *Piovanetti* v. *Paz,* 28 D.P.R. 537. La asamblea municipal, apelante en este caso, entre otros fundamentos de impugnación sostiene que el caso de *Piovanetti* es erróneo y que la sección 22 de la Ley No. 85 del año 1919, página 685, ha sido enmendada a fin de variar la forma de cubrir una vacante en la asamblea municipal. La apelante sostiene vigorosamente que la facultad para cubrir una vacante reside en la asamblea municipal por virtud de varios artículos de la Ley Municipal así como por la Ley Orgánica, mientras que el caso de *Piovanetti* v. *Paz* directa o implícitamente confiere tal facultad al partido al cual pertenecía el miembro que origina la vacante.

El artículo 22 como fué aprobado en el año 1919 es como sigue:

"Artículo 22.—Las vacantes que ocurran en la asamblea municipal se cubrirán por ésta con personas que tengan la condición de elegibles y sean de la misma filiación política del miembro que causare la vacante, a propuesta del organismo director local del partido que eligió el miembro cuya vacante haya de cubrirse."

A Puerto Rico se le ha dado lo mismo que a cualquier estado de la Unión una forma representativa de Gobierno. Fundamentalmente el pueblo gobierna y elige sus representantes. Los representantes son elegidos por los electores capacitados. Esto es así en cuanto al Pueblo de Puerto Rico lo mismo que para sus municipalidades. Las asambleas municipales son elegidas por los votantes capacitados.

Costaría entonces muy poco a una corte quedar obligada a creer que una Legislatura hará todo lo que esté dentro de sus facultades para llevar a cabo la voluntad del pueblo soberano como ha sido expresada por sus votantes. Los votantes de ciertos barrios de Guánica eligieron un miembro socialista, y la intención del artículo 22 fué claramente perpetuar tal representación, cuando dió al mismo partido el derecho de recomendar para cubrir una vacante. La opinión en el caso de *Piovanetti* v. *Paz* demuestra muy bien que nunca fué la intención de la Legislatura permitir a un partido contrario seleccionar las personas que debían cubrir una vacante. La intención de la Legislatura quedaría anulada si cualquier elección o facultad de elegir se dejó a la asamblea municipal en oposición de la voluntad del partido a quien se ha dado el derecho de recomendación. Por supuesto que si el partido proponente elige enviar una terna a la asamblea, esa es una cuestión diferente. Cuando se hace una simple recomendación si el caso de *Piovanetti* v. *Paz* es correcto y reúne condiciones el propuesto miembro, surge el deber en la asamblea de nombrar la persona recomendada.

El supuesto conflicto entre el artículo 22 de la Ley Municipal y la interpretación que le dió esta corte ha sido originado principalmente por el artículo 26 de la Ley Municipal.

"Art. 26.—Corresponderá privativamente a la asamblea municipal:

"      *      *      *      *      *      *

"8.—Cubrir las vacantes que ocurran, así entre sus miembros como en el concejo de administración; *Disponiéndose,* que éste cubrirá las vacantes que ocurran en su seno cuando la Asamblea no estuviere en sesión y los nombramientos que así hiciere tendrán efecto hasta que la asamblea municipal los confirmare o hiciere nuevos nombramientos.

"      *      *      *      *      *      *

Existe algún conflicto aparente pero este conflicto tiene que ceder ante la clara intención de la Legislatura. Fácil-

mente pueden imaginarse casos donde el derecho absoluto a cubrir una vacante surgiría. en la asamblea; por ejemplo, cuando no ha habido ninguna elección con motivo de un empate, o la negativa de un electorado a votar. Asimismo, podría surgir el derecho a escoger cuando el partido que tiene el derecho a recomendar para cubrir una vacante dejó o rehusó actuar. Cuando, sin embargo, el partido político en cuestión actúa y recomienda, existe el deber de nombrar por parte de la asamblea municipal.

La apelante se refiere al alegado poder para nombrar de la asamblea municipal. El poder de nombramiento de la asamblea municipal para cubrir vacantes es meramente último o subsidiario. La elección la tiene principalmente el pueblo y el nombramiento, sostenemos, se deja al partido que pierde un miembro en la asamblea. Por la Constitución de los Estados Unidos la facultad de nombramiento puede dejarse por el Congreso al Presidente o a los jefes de departamentos y no dudamos que el Congreso tiene el derecho de fijar tal facultad de nombramiento en alguna otra parte. Quizás originalmente los partidos políticos no fueron reconocidos como entidades legales pero la historia en los Estados Unidos ha demostrado que los partidos políticos están reconocidos para varios fines como entidades legales, hasta el punto de que se imponen limitaciones a su organización. Somos claramente de opinión de que la Legislatura de Puerto Rico tenía el derecho de dejar que se cubra una vacante por el partido político, y así lo hizo.

Se infiere del artículo 32 de la Ley Orgánica (mar. 2, 1917,) y el 23 de la Ley Municipal que las limitaciones a los miembros son aquellas que generalmente se imponen a las Asambleas Legislativas, pero el uso de tal palabra "limitaciones" más bien negaría que afirmaría el derecho de un poder de nombramiento.

Se desprende casi necesariamente de lo anteriormente expresado que el derecho a cubrir una vacante es un mero acto ministerial y no discrecional como sostendría el ape-

lante. El mero hecho de que la misma asamblea tuviera que convencerse de que la propuesta persona tenía las condiciones legales para la elección, no es el ejercicio de discreción. · Un deber ministerial legal puede existir aunque la persona a quien se trate de obligar mediante *mandamus* tenga que interpretar una ley o examinar a un propuesto miembro para ver si reúne las condiciones necesarias. La apelante también sostiene que el artículo 22 de la Ley Municipal fué enmendado y cambiado su efecto. La enmienda es ·como sigue·:

"Cuando por empate en la votación o por encontrarse vacantes varios puestos en la Asamblea Municipal y no tener ésta quorum, ·no pueda cubrirse por la misma Asamblea los puestos vacantes, entonces el Gobernador de Puerto Rico, con la aprobación del Senado Insular, hará los nombramientos ·que fueren necesarios, debiendo. recaer éstos en personas que tengan la condición de elegibles y sean de la misma filiación política del miembro o miembros que causaron las vacantes, y a propuestas del organismo director local de Partido que eligió el miembro o miembros;. cuyas vacantes hayan de cubrirse." Ley No. 9 de mayo 12, 1920; p. 53.

Convenimos con el. apelado, sin embargo, en que esta adición a la ley abarca meramente dos casos: Primero, cuando la asamblea tiene un derecho a escoger y no puede llegar a elegir, debido a un empate y, segundo, cuando no hay *quorum* en la asamblea municipal. No vemos que esta adición haya afectado nuestra decisión en el caso de *Piovanetti* v. *Paz, supra.*

La apelante alegó que no se demostró que hubiera una vacante, pero la petición aceptada por la asamblea del envío de una terna por sí probaría tal vacante, aún cuando este hecho no se hubiera demostrado por la declaración del secretario municipal.

Suponiendo la debida autoridad para nombrarle y que él reunía las condiciones debidas, el peticionario tenía el interés necesario para establecer un auto de *mandamus*. Un miembro con derecho a ser nombrado tiene claramente bas-

tante interés para obligar al cumplimiento de lo que hemos declarado que es un deber ministerial. El partido socialista podría tener un derecho correlativo pero no sería exclusivo.

Aún cuando el peticionario tuviera algún otro remedio no sería tan rápido, adecuado o eficaz como el recurso de *mandamus*, pero este derecho a un auto de *mandamus*, sostenemos, que fué conferido por el artículo 65 de la Ley Municipal. El hecho de no alegar la falta de un remedio adecuado no era necesario, como lo demuestran las citas hechas por el apelado.

Como tendería a demostrar nuestra discusión de la cuestión principal, la selección de una persona para representar a determinado distrito electoral es un asunto de alto carácter público. Por tanto, estamos satisfechos en vista de las citas del peticionario, de que en cuestiones de tan alta naturaleza pública un previo requerimiento para que se cumpla el acto en cuestión no es necesario. Nos inclinamos a sostener que a la asamblea se le hizo un requerimiento mediante la orden para mostrar causa o la orden condicional expedida por la corte. Además, la asamblea aprobó una resolución razonada en la cual alegaba tener ella misma el derecho de selección y aparentemente negaba dicho derecho al partido socialista. No fué necesario ningún otro requerimiento bajo estas circunstancias. Este no es el caso donde la posición del peticionario no se hizo clara al demandado.

Al terminar el caso del peticionario la apelante presentó una moción de *nonsuit* basada en que el peticionario no había demostrado reunir ciertos requisitos. La corte dentro de su discreción permitió al peticionario probar tales requisitos y no encontramos que haya habido abuso de discreción.

La apelante también se queja de que la corte se negó a considerar su excepción previa basada en la teoría de que la ley de *mandamus* sólo reconoce la petición y la contestación. Aunque nos inclinamos al parecer de que el Código de Enjuiciamiento Civil de 1904 no cambió como alega el apelante

la ley especial de *mandamus,* sin embargo, también estamos satisfechos de que todas las cuestiones que la apelante trató de presentar mediante excepción previa u otra moción especial fueron sometidas por el demandado.

La apelante, con varias repeticiones, señala otros fundamentos de error.  Estos bien están tratados en nuestra decisión anterior en el caso de *Piovanetti* v. *Paz,* o incidentalmente en esta opinión, o de otro modo no son importantes. Algunos no fueron levantados en la corte inferior.

*Debe confirmarse la sentencia.*