Carlos J. Tórres, peticionario y apelante, *v.* Asamblea Municipal de San Juan, Puerto Rico, demandada y apelada.

No. 4037.—*Visto:* Noviembre 16, 1926.   *Resuelto:* Febrero 25, 1927.

Mandamus — Materias y Objetos del Remedio — Actos o Procedimientos de Funcionarios Públicos, Juntas o Municipalidades—Cuestiones Discrecionales.—Las asambleas municipales, al ejercer la facultad que les concede la sección 22 de la Ley Municipal como quedó enmendada en 1925 (p. 699) para cubrir o no una vacante existente en dichos organismos, actúan discrecional y no ministerialmente y su actuación no puede controlarse por auto de *mandamus.* La mencionada ley establece el procedimiento a seguir cuando las asambleas dejan de o se niegan a nombrar el candidato propuesto por el comité local del partido.

SENTENCIA de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar
petición de *mandamus,* sin costas.   *Confirmada.*

*Carlos J. Torres,* abogado del peticionario; *Rafael Martínez Nadal,*
abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

El Doctor Martínez Roselló, miembro de la Asamblea
Municipal de San Juan, elegido por el pueblo, renunció su
cargo.   Pertenecía al Partido Constitucional Histórico.   El
Comité local de dicho Partido, dentro del término de ley,
propuso para sustituirlo a Carlos J. Tórres.   La asamblea
se negó a nombrarlo.   Tórres estableció un procedimiento
de mandamus.   Contestó la asamblea.   Y la corte de dis-
trito declaró finalmente no haber lugar a ordenar a la asam-
blea que nombrara al peticionario.   No conforme éste in-
terpuso el presente recurso de apelación.

Toda la cuestión a estudiar y a resolver gira alrededor
de la interpretación que debe darse a la sección 22 de la
Ley Municipal, tal como fué enmendada en 1925, Leyes de
1925, p. 699.

Sostiene el apelante que la corte de distrito erró al no
seguir la doctrina establecida por esta Corte Suprema en el
caso de *Tórres* v. *Guánica,* 33 D.P.R. 349.

En dicho caso se decidió en efecto lo que sigue que hay
que convenir que es enteramente favorable a la contención
del apelante.   Es así:

"Ratificando la doctrina establecida en *Piovanetti* v. *Paz,* 28
D.P.R., 337, se resolvió en el presente caso: que el poder de nombra-
miento de la asamblea municipal para cubrir vacantes de sus miem-
bros es meramente subsidiario.   La designación la hace principal-
mente el pueblo por conducto del organismo local del partido polí-
tico a que pertenece el miembro saliente.   Al hacer, pues la sustitu-
ción, la asamblea actúa ministerial y no discrecionalmente.   La en-
mienda introducida al artículo 22 de la Ley Municipal de 1919 des-
pués de la resolución de *Piovanetti* v. *Paz* (*supra*) no afectó la doc-
trina de dicho caso.''

Pero como dice el juez sentenciador en la opinión que emitiera para basar su sentencia, esa jurisprudencia se estableció antes de la enmienda de 1925.

¿En qué consistió dicha enmienda? En adicionar a la Ley lo que sigue:

"Cuando el organismo director local que deba hacer la propuesta no lo hiciere dentro de los cinco días de ocurrir la vacante o la asamblea municipal en su primera sesión ordinaria o extraordinaria no cubriere la vacante con la persona propuesta, entonces dicha vacante será cubierta por el Gobernador de Puerto Rico con la aprobación del Senado Insular a propuesta del presidente del comité directivo central del partido que eligió el miembro cuya vacante debe cubrirse."

Descartando la cuestión del término ya que se alega en la solicitud y no se impugna en la contestación que la propuesta se hizo por el comité local del partido dentro del plazo de ley, y limitando nuestro estudio a la segunda parte de la enmienda, diremos que estamos enteramente conformes con el criterio de la corte de distrito expuesto en su opinión así:

"Pero existe otra situación especial, y es la siguiente: 'cuando la Asamblea Municipal en su primera sesión ordinaria o extraordinaria no cubriere la vacante con la persona propuesta'. Al ocurrir esto, la Ley dice claramente que se hará lo siguiente: 'entonces dicha vacante será cubierta por el Gobernador de Puerto Rico, con la aprobación del Senado Insular, a propuesta del Presidente del comité directivo central del partido que eligió el miembro cuya vacante deba cubrirse'. Es decir, que existiendo una vacante en una asamblea municipal, y siendo propuesto un nombre por el comité local correspondiente para cubrir dicha vacante, si ésta no fuere cubierta con la persona propuesta por el comité local, entonces, de acuerdo con la disposición clara y terminante de la Ley, esa materia queda por completo fuera ya de la jurisdicción y autoridad del comité local del partido y de la Asamblea municipal correspondiente, y pasa a crear una situación que viene por mandato de la misma Ley a recaer en manos de otro funcionario a quien la Ley le impone la obligación de solucionarla. Eso es lo que de los términos del precepto a que nos hemos referido claramente se desprende."

Si la ley conservó los anteriores casos, a saber: "cuando por empate en la votación o por encontrarse vacante varios puestos o por haber renunciado varios miembros de la asamblea no hubiere *quorum*" y agregó el de que la asamblea no cubriere la vacante en la primera sesión ordinaria o extraordinaria que celebrase después de la propuesta del organismo local del partido, claro es que implícitamente reconoció a dicho cuerpo la facultad para actuar en un sentido o en otro y el ejercicio de esa facultad no puede controlarse por un auto de mandamus. La asamblea puede por mera negligencia o de propósito dejar de actuar sobre la proposición. Puede también negarse abiertamente a aceptarla. En todos dichos casos queda *sin cubrir* la vacante y termina la acción del comité y la asamblea. El caso está previsto en la ley, correspondiendo entonces decidirlo al Presidente del Comité Central del Partido y al Gobernador de la Isla. Los principios del gobierno popular se conservan. Primero se da la oportunidad a los organismos elegidos directamente por los miembros del partido en la comunidad local y por el pueblo de la misma. Cuando su actuación se hace imposible, por estar en desacuerdo, no cabe ahora como antes obligar a la asamblea a ejecutar la voluntad del comité local, sino que la decisión del caso pasa de la comunidad local a la insular, esto es, al Presidente del Comité Central del Partido y al Gobernador del Pueblo con la aprobación del Senado. Eso es todo.

*Debe confirmarse la sentencia recurrida.*

El Juez Asociado Señor Hutchison no intervino.