Asamblea Municipal de Santa Isabel, peticionaria, *v.* La Corte de Distrito de Guayama, Hon. Rafael López Antongiorgi, Juez, demandado.

No. 571.—*Visto:* Mayo 2, 1927. *Resuelto:* Mayo 5, 1927.

Desacato—Actos o Conducta Constitutivos de Desacato al Tribunal—Desobediencia de sus Mandatos u Ordenes—Validez de los Mismos—Falta de Jurisdicción en el Tribunal, y Efecto.—No cometen desacato los miembros de una asamblea municipal que desobedecen una orden de una corte dictada en procedimiento de *mandamus* instituido para compelerles a actuar con motivo de cierta recomendación del comité político local, ya que no es la corte la que debe intervenir en tal caso de acuerdo con la ley sobre la materia, sino el Comité Directivo Central del Partido y el Gobernador de la Isla.

Certiorari para revisar actuaciones de *Rafael López Antongiorgi,* J. (Guayama), en procedimiento de *mandamus,* y especialmente órdenes con ocasión al incidente de desacato que culminó en condena por dicho delito a los miembros de la asamblea municipal. *Anulada la sentencia.*

*Leopoldo Tormes,* abogado de la peticionaria; *Tomás Bernardini de la Huerta,* abogado del demandante en el pleito principal.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Emiliano Cruz inició en la Corte de Distrito de Guayama un procedimiento de *mandamus* dirigido contra la Asamblea Municipal de Santa Isabel.

Alegó Cruz en su petición, en resumen, que habiendo quedado vacante un puesto de asambleísta en la Asamblea Municipal de Santa Isabel, fué propuesto para cubrirlo por el comité del partido a que pertenecía la vacante y dicha asamblea "se negó a tomar dicha propuesta en considera-

ción y a resolver sobre la aceptación o no del candidato'',
motivo por el cual solicitaba de la corte que librara el auto
a la asamblea ordenándole que inmediatamente procediera
a considerar la propuesta del peticionario y a decidir por el
voto de sus miembros la aceptación o no de dicho candidato.

El auto fué en efecto expedido y durante el curso del
procedimiento ocurrió el incidente que dió origen a que la
asamblea se convirtiera a su vez en peticionaria iniciando
este procedimiento de *certiorari* ante esta Corte Suprema, a
saber: después de recibido el auto de *mandamus,* la asam-
blea nombró una persona distinta del peticionario para cu-
brir la vacante, la corte de distrito creyó que se había co-
metido un desacato y finalmente, después de oir a los miem-
bros que componen la asamblea, los condenó a sufrir cinco
días de cárcel cada uno.

A nuestro juicio la cuestión envuelta se resuelve por los
principios establecidos en la decisión de esta corte en el
caso de *Torres* v. *Asamblea Municipal,* 36 D.P.R. 331. En
dicha decisión se estudia la anterior de *Torres* v. *Guánica,*
33 D.P.R. 349, y el efecto de la enmienda introducida en
1925 a la sección 22 de la Ley Municipal, así:

''¿En qué consistió dicha enmienda? En adicionar a la Ley lo
que sigue:

'' 'Cuando el organismo director local que deba hacer la pro-
puesta no lo hiciere dentro de los cinco días de ocurrir la vacante
o la asamblea municipal en su primera sesión ordinaria o extraordi-
naria no cubriere la vacante con la persona propuesta, entonces di-
cha vacante será cubierta por el Gobernador de Puerto Rico con la
aprobación del Senado Insular a propuesta del presidente del co-
mité directivo central del partido que eligió el miembro cuya va-
cante debe cubrirse.' ''

''Descartando la cuestión del término ya que se alega en la soli-
citud y no se impugna en la contestación que la propuesta se hizo
por el comité local del partido dentro del plazo de ley, y limitando
nuestro estudio a la segunda parte de la enmienda, diremos que es-
tamos enteramente conformes con el criterio de la corte de distrito
expuesto en su opinión así:

" 'Pero existe otra situación especial, y es la siguiente: 'Cuando la Asamblea Municipal en su primera sesión ordinaria o extraordinaria no cubriera la vacante con la persona propuesta'. Al ocurrir esto, la ley dice claramente que se hará lo siguiente: 'entonces dicha vacante será cubierta por el Gobernador de Puerto Rico, con la aprobación del Senado Insular, a propuesta del Presidente del comité directivo central del partido que eligió el miembro cuya vacante deba cubrirse'. Es decir, que existiendo una vacante en una asamblea municipal, y siendo propuesto un nombre por el comité local correspondiente para cubrir dicha vacante, si ésta no fuere cubierta con la persona propuesta por el comité local, entonces, de acuerdo con la disposición clara y terminante de la Ley, esa materia queda por completo fuera ya de la jurisdicción y autoridad del comité local del partido y de la Asamblea Municipal correspondiente y pasa a crear una situación que viene por mandato de la misma Ley a recaer en manos de otro funcionario a quien la ley le impone la obligación de solucionarla. Eso es lo que de los términos del precepto a que nos hemos referido claramente se desprende.' "

"Si la ley conservó los anteriores casos, a saber: 'Cuando por empate en la votación o por encontrarse vacante varios puestos o por haber renunciado varios miembros de la asamblea no hubiere *quorum'* y agregó el de que la asamblea no cubriere la vacante en la primera sesión ordinaria o extraordinaria que celebrase después de la propuesta del organismo local del partido, claro es que implícitamente reconoció a dicho cuerpo la facultad para actuar en un sentido o en otro y el ejercicio de esa facultad no puede controlarse por un auto de mandamus. La asamblea puede por mera negligencia o de propósito dejar de actuar sobre la proposición. Puede también negarse abiertamente a aceptarla. En todos dichos casos queda *sin cubrir* la vacante y termina la acción del comité y la asamblea. El caso está previsto en la ley, correspondiendo entonces decidirlo al Presidente del Comité Central del Partido y al Gobernador de la Isla. Los principios del gobierno popular se conservan. Primero se da la oportunidad a los organismos elegidos directamente por los miembros del partido en la comunidad local y por el pueblo de la misma. Cuando su actuación se hace imposible, por estar en desacuerdo, no cabe ahora como antes obligar a la asamblea a ejecutar la voluntad del comité local, sino que la decisión del caso pasa de la comunidad local a la insular, esto es, al Presidente del Comité Central del Partido y al Gobernador del Pueblo con la aprobación del Senado. Eso es todo."

Claramente se deduce de lo dicho que el peticionario Cruz erró el camino. La corte de distrito no podía compeler a la asamblea a actuar. De hecho la asamblea había actuado, negándose a considerar la propuesta de Cruz. Sus motivos no podían investigarse. La ley tiene previsto el caso. Cuando surge el conflicto entre el comité local y la asamblea no hay que acudir a las cortes sino al organismo superior del partido y al Gobernador de Puerto Rico para que sean ellos los que actúen en vez del comité local y la asamblea.

Y si la corte carecía de facultad para expedir el auto de *mandamus,* cae por su base el procedimiento de desacato. *La sentencia condenatoria de que se quejan los peticionarios, es por consiguiente nula y así debe decretarse.*