EL PUEBLO DE PUERTO RICO, a instancias de Juan I. Sosa, relator y apelado, *v.* JOSÉ GARCÍA DELGADO, demandado y apelante.

No. 5780.—*Sometido:* Abril 22, 1932. *Resuelto:* Abril 26, 1932.

R. *Rivera Zayas,* abogado de los apelantes; *Harry B. Llenza,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de *quo warranto* ejercitado por El Pueblo de Puerto Rico a instancias de Juan I. Sosa. Se trata de recobrar un cargo de asambleísta del municipio de Río Piedras. El relator es vecino y contribuyente del indicado municipio y ocupa en el mismo el puesto de Presidente del Comité Local del Partido Socialista-Constitucional.

En la querella se alega que el 28 de noviembre de 1930 la Asamblea Municipal de Río Piedras declaró vacante el cargo de miembro que en ella desempeñaba Pablo Landráu, y que sin autoridad de ley, el propio día, eligió para cubrir la vacante al querellado José García Delgado, que no fué recomendado por el Comité Local de Río Piedras del partido Socialista-Constitucional que fué el partido que en dicho municipio triunfó en las elecciones de 1928. El secretario de la

asamblea no comunicó al Comité la vacante ni le pidió la terna que determina la ley.

■ Al contestar, alegó el querellado como defensa especial que la querella no aducía hechos suficientes para determinar una causa de acción. La corte, en su decisión final, resolvió la cuestión en contra del querellado, y éste, en su primer error sostiene que la resolución de la corte no estuvo bien fundada, porque no basta alegar que el partido Socialista-Constitucional triunfó en el municipio, si que es necesario expresar además la afiliación política del causante de la vacante que se va a cubrir.

Invoca el querellado apelante el artículo 23 de la Ley No. 53 de 1928, que es la que rige este caso, que en lo pertinente, dice:

"Artículo 23.—Las vacantes que ocurran en las asambleas municipales, se cubrirán por éstas mediante terna propuesta por el organismo director local del partido a que pertenezca el candidato, con personas que tengan la condición de elegibles y sean de la misma filiación política del miembro que causare la vacante. . . ."

Ese artículo debe interpretarse en relación con el 17 de la propia ley que determina:

"Artículo 17.—En todas las elecciones generales los electores de cada municipio elegirán una Asamblea Municipal, la cual se compondrá de once (11) miembros en los municipios de primera clase; de nueve (9) en los de segunda y de siete (7) en los de tercera. Cada elector tendrá derecho a votar por el número total de candidatos que figure en la papeleta electoral. Los miembros de la Asamblea Municipal así elegidos desempeñarán sus cargos por el término de cuatro años y hasta que sus sucesores sean debidamente electos o nombrados y tomen posesión.

"❋ ❋ ❋ ❋ ❋ ❋ ❋"

Siendo ello así, habiendo resultado triunfantes los candidatos del Partido Socialista-Constitucional, esa sola alegación es suficiente para determinar que corresponde al organismo local del mismo el ejercicio de las funciones que la ley le asigna.

No es que la cuestión levantada por el querellado carezca de fundamento. Los términos en que está redactada la sección 23 le favorecen. Pero la entera estructura de la Ley electoral nos lleva a la conclusión expuesta que quedará mejor explicada al examinar los hechos suscitados por la contestación y sobre los cuales versó la prueba.

El querellado admitió prácticamente todos los hechos de la querella—no sus conclusiones—y alegó:

"(a) En 18 de septiembre de 1928, un núcleo de electores del Municipio de Río Piedras, constituyó e inscribió en la Secretaría de Puerto Rico un partido llamado 'Partido Reformista' y entre los candidatos postulados para la Asamblea Municipal figuraba Pablo Landráu, el mismo que causó la vacante llenada por el querellado, . . . .

"(b) En 14 de octubre de 1928, el Partido Socialista Constitucional, representado por: Don Ramón Negrón Flores, Dr. Manuel Soto Rivera, Don Esteban Ortiz, Don Ezequiel Mongil, Don Pedro N. Rodríguez y Don Juan Correa; y el Partido Reformista, al cual pertenece el querellado representado por: Lic. José Ruiz de Val, Don Rafael M. Schuck, Don Pablo Landráu, Don José García Dones, Don Carmelo Siaca Pacheco y Don Alfonso Vázquez Cabañas, todos debidamente autorizados por los respectivos Comités de los citados partidos, establecieron un pacto o convenio político para comenzar a regir desde el día 14 de octubre de 1928 hasta la expiración del término administrativo Municipal en enero de 1933. . . .

"(c) En virtud de dicho pacto los dos partidos referidos se unieron para la campaña electoral de 1928 y para recabar para ellos la administración Municipal, comprometiéndose a sostener una candidatura conjunta, conservando cada partido su personalidad y quedando integrados los organismos políticos de la localidad en la siguiente forma:

"El Comité Local por cinco miembros del Partido Socialista-Constitucional y cuatro miembros del Partido Reformista Local.

"La Asamblea Municipal por cinco miembros del Partido Reformista local y cuatro miembros del Partido Socialista Constitucional.

"El Alcalde habría de ser en todo tiempo un miembro del Partido Socialista Constitucional, uno de los cargos de Comisionados de libre elección por parte del Partido Reformista y los demás cargos y empleos de por mitad para cada partido.

"(d) En cumplimiento de ese pacto los Reformistas se abstuvieron de votar su candidatura oficial y aportaron sus votos bajo la insignia del Partido Socialista-Constitucional y fué esta conjunción la que obtuvo la victoria en la contienda electoral para la administración de la cosa pública municipal, de acuerdo con el pacto.

"(e) Ganada la elección, en la primera sesión de la Asamblea Municipal, y en cumplimiento del Pacto renunciaron inmediatamente cuatro de los caballeros electos pertenecientes al partido Socialista Constitucional para dar paso al nombramiento de cuatro Reformistas, entre los cuales figuraba Don Pablo Landráu, que causó la vacante llenada, por el querellado, haciéndose dichos nombramientos en vista de ternas sometidas por el Comité Conjunto de ambos Partidos coaligados, único organismo local director de la conjunción partidista triunfante en la Municipalidad y de cuya autoridad dimanaban las ternas para cubrir vacantes en la Asamblea Municipal en todos los casos, ejerciéndose la presidencia de dicho Comité Conjunto por turno entre los miembros del mismo pertenecientes a ambas colectividades políticas.

"(f) En abril de 1930, por virtud de divergencias surgidas en el seno del Partido Reformista, el Partido Socialista Constitucional, por conducto de los Comités Socialista y Republicano Puro, acordaron no reconocer a los miembros del Comité Conjunto pertenecientes al Partido Reformista que habían venido ejerciendo como tales, ni a quienes pretendían substituirlos, y en tal virtud cesó en sus funciones el Comité Conjunto que, como se alega era el organismo director de la coalición partidista local triunfante en los comicios. Se acompaña el documento marcado No. 3 para que forme parte de esta contestación.

"(g) Habiendo vacado el cargo ocupado por el asambleísta Don Pablo Landráu, Reformista, la Asamblea Municipal nombró al querellado, José García Delgado, de la misma filiación política del Sr. Landráu, para cubrir dicha vacante, y si bien no se hizo por terna sometida por el Comité Conjunto, por haber éste cesado en sus funciones se recibió una terna del Comité Local del Partido Reformista, con lo cual se ha cumplido esencial y substancialmente con la Ley Municipal, no teniendo el Partido Socialista Constitucional derecho ni autoridad alguna para someter una terna para este nombramiento que no podía recaer en favor de ningún republicano o socialista."

Esos hechos quedaron demostrados por la prueba, que los amplió en el sentido de que el Partido Reformista se dividió en dos grupos, habiendo solicitado ambos que se les recono-

ciera preferente y exclusivo derecho dentro de la Coalición formada con el partido Socialista Constitucional a virtud del pacto invocado.

La corte de distrito en la relación del caso y opinión que sirve de base a la sentencia recurrida, se expresó, en parte, como sigue:

"El tribunal Supremo de Puerto Rico, interpretando el Artículo 22 de la anterior Ley Municipal, ha resuelto:

"'El Artículo 22 de la vigente Ley Municipal debe ser interpretado en el sentido de que las asambleas municipales están obligadas a cubrir las vacantes que ocurran en su seno con la persona que le proponga el organismo director local del partido que eligió el miembro cuya vacante haya de cubrirse, sin poder pedir que se le proponga más de una para cada vacante y sin tener derecho de la elección.' Piovanetti et al. v. Paz et al., 28 D.P.R. 537.

"'*　　*　　*　　*　　*　　*　　*

"El artículo 23 de la vigente ley, está redactado en iguales términos que el 22 de la anterior, según fué enmendado en 1925, excepto que aquél dispone que la propuesta se hará mediante terna.

"De manera, pues, que cuando ocurre una vacante en la asamblea municipal, ésta debe ser cubierta mediante terna de personas que tengan la condición de elegibles, que sean de la misma filiación política del miembro que causare la vacante, y a propuesta del organismo director local del partido a que pertenezca el candidato; . . .

"El Partido Reformista de Río Piedras no fué a las urnas. Sus votos fueron dados al Partido Socialista Constitucional, que fué el que triunfó en la elección. Los candidatos de este partido, y no del Reformista, fueron los electos; y es claro que a dicho Partido Socialista Constitucional es al que corresponde, de acuerdo con la ley, proponer la terna para cubrir la vacante.

"Es cierto que después de las elecciones generales de 1928, el candidato electo del Partido Socialista Constitucional renunció, y que por virtud del pacto o coalición se nombró a Pablo Landráu, del Partido Reformista, pero esta propuesta se hizo por un Comité Conjunto de los Partidos Reformista y Socialista Constitucional, o sea, en otras palabras, mediante recomendación de este último partido al cual pertenecía el candidato que causó la vacante. El partido Reformista que, aunque inscrito por petición, se abstuvo de acudir a las urnas como tal partido, y por tanto, no causó la vacante, carece de derecho, de acuerdo con la ley, a proponer terna para cubrir vacantes en la Asamblea Municipal de Río Piedras.

"Y la circunstancia de que el Comité Conjunto de ambos partidos haya desaparecido o cesara en sus funciones porque los miembros de uno se negaran a reconocer a los del otro, quedando así prácticamente sin efecto el pacto o convenio político, no autoriza a la asamblea para actuar en la forma en que lo hizo. El nombramiento de José García Delgado hecho en esas condiciones es, pues, nulo, y no tiene efecto legal alguno.

"" *   *   *   *   *   *   *

*   *   * El hecho de que ambos partidos hubieran comprometido su honor y su buena fe, y que luego hubieran roto el pacto o convenio, no obliga a la corte a reconocerlo en un recurso como el presente, que no es de equidad, y en que no se trata de un pleito entre dichos partidos sobre cumplimiento específico de contrato, ni se están ventilando cuestiones internas de la supuesta coalición.

"En un recurso de la naturaleza de *Quo Warranto*, el querellado debe demostrar la bondad y legitimidad de su título. 22 R.C.L. 716, 717."

Por su segundo señalamiento el apelante sostiene que es erróneo el criterio de la corte sentenciadora. Bajo las circunstancias que concurren y atendida la naturaleza de los partidos políticos y agrupaciones de igual índole y los principios fundamentales que informan las leyes electoral y municipal, nos parecen, por el contrario, convincentes las razones expuestas por el tribunal sentenciador, *debiendo, en tal virtud, confirmarse la sentencia recurrida.*