El Pueblo de Puerto Rico, a instancias de Juan V. Morciglio, relator y apelante, *v.* José Ramón Milán, querellado y apelado.

Núm. 7969.—*Sometido:* Febrero 16, 1940. *Resuelto:* Febrero 20, 1940.

*Enrique Báez García,* abogado del apelante; *Leopoldo Tormes García,* abogado del querellado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En las elecciones generales celebradas en 1936 Isabel Dalmáu de Acosta, de afiliación uniorrepublicana, figuró en la candidatura de su partido y del Socialista, para miembro de la Asamblea Municipal de Guánica. Resultó electa, pero el 13 de abril de 1938 fué aceptada su renuncia por la Asamblea Municipal. Para cubrir la vacante, el Comité Local del Partido Unión-Republicana sometió una terna encabezada por el demandado José Ramón Milán, quien fué electo por la Asamblea y tomó posesión del cargo.

Para impugnar su elección El Pueblo de Puerto Rico, a instancias de Juan V. Morciglio, estableció este recurso de *quo warranto,* basándolo en que la elección del demandado por la Asamblea Municipal es nula y por consiguiente el demandado ocupa el cargo ilegalmente, toda vez que no se solicitó terna alguna al Partido Socialista para cubrirlo. El demandante descansa en el caso de *El Pueblo ex rel. Sosa v. García,* 43 D.P.R. 403.

██ Resultando de las alegaciones y de la prueba que la Sra. Dalmáu de Acosta, cuya renuncia produjo la vacante cubierta con el demandado, aunque fué candidata de los dos partidos antes mencionados, era no obstante de afiliación uniorrepublicana, el artículo 23 de la Ley núm. 53 de 1928 (Leyes de ese año, pág. 351) es la ley aplicable al caso. En lo pertinente dicho precepto legal dice así:

"Artículo 23.—Las vacantes que ocurran en las asambleas municipales, se cubrirán por éstas mediante terna propuesta por el organismo director local del partido *a que pertenezca el candidato,* con personas que tengan la condición de elegibles y *sean de la misma filiación política del miembro que causare la vacante..."* (Bastardillas nuestras.)

Ante precepto tan terminante, no cabe dudar que era el Partido Unión-Republicana y no el Socialista el que tenía derecho a enviar la terna correspondiente para cubrir la vacante.

El caso de *El Pueblo ex rel. Sosa v. García, supra,* invocado por el demandante apelante, no sostiene su tesis. En dicho caso los partidos Socialista-Constitucional y Reformista Local, de Río Piedras, celebraron un pacto a virtud del cual los miembros de este último votarían la candidatura del primero, en la cual aparecían ciertos candidatos pertenecientes al Partido Reformista. En armonía con lo pactado, el Partido Reformista no votó candidatura de su partido y aparentemente no fué a las urnas, sino que votó los candidatos que aparecían en la casilla correspondiente al

Partido Socialista Constitucional. Uno de estos candidatos era Pablo Landráu, de afiliación reformista local. Declarado vacante el 28 de noviembre de 1930 el cargo que desempeñaba dicho Pablo Landráu, la Asamblea Municipal de Río Piedras designó para cubrirlo al querellado José García Delgado, que no fué recomendado por el Partido Socialista Constitucional que en dicho municipio triunfó en las elecciones de 1928. El secretario de la Asamblea Municipal no comunicó al comité la vacante ni pidió la terna que determina la ley.

Impugnada la elección de José García Delgado, la corte declaró con lugar la demanda de *quo warranto* y anuló su elección, fundándose en que si bien Pablo Lándrau era de afiliación reformista local, sin embargo dicho partido no había ido a las urnas, y por consiguiente no tenía derecho a representación alguna en la Asamblea Municipal.

En el caso que nos ocupa, el Partido Unión-Republicana fué a las urnas y ganó la elección. Siendo la Sra. Dalmáu de Acosta de afiliación uniorrepublicana, procedía, como dijimos antes, cubrir la vacante con un miembro de su partido conforme dispone el artículo 23 antes citado.

*Por lo expuesto, se desestima el recurso y se confirma la sentencia apelada.*