AMADEO, PETICIONARIO, *v.* ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *Certiorari* al Juez de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre cobro de dinero.

No. 129.—Resuelto en agosto 1, 1914.

CERTIORARI—REVISIÓN DE ORDENES DICTADAS POR DISTINTOS TRIBUNALES.—Cuando por medio del recurso de *certiorari* se desea revisar órdenes dictadas por distintos tribunales en distintos casos debe presentarse una solicitud de *certiorari* separada para cada corte.

ID.—REVISIÓN DE ORDENES DICTADAS POR UNA CORTE NO INCLUÍDA COMO DEMANDADA EN LA SOLICITUD.—Es improcedente una solicitud de *certiorari* que no está dirigida contra la corte que dictó las órdenes que se impugnan.

ID.—PETICIONARIO QUE NO ES PARTE EN EL PLEITO.—Solamente en casos excepcionales procede el libramiento de un mandamiento de *certiorari* a petición de una persona que no ha sido parte en el pleito que motivó las órdenes que se impugnan.

ASEGURAMIENTO DE SENTENCIA—EMBARGO DE BIENES EN PODER DE SÍNDICOS—CUSTODIA LEGIS.—Los bienes de una corporación para los cuales se han nombrado síndicos que han tomado posesión de ellos, están en custodia *legis,* y por tanto no puede decretarse el embargo de los mismos para aseguramiento de sentencia por otro tribunal de jurisdicción concurrente.

Los hechos están expresados en la resolución.

Abogados del peticionario: *Sres. Jacinto Texidor* y *Domingo Massari.*

El demandado no compareció.

## RESOLUCIÓN.

POR CUANTO el peticionario ha presentado una solicitud de *certiorari* dirigida contra el Juez de la Corte de Distrito de San Juan, Sección 2ª., para que se anulen cuatro órdenes, dos de ellas dictadas por el juez de la Sección 1ª. de dicha corte con fecha 4 de mayo y 3 de julio de 1914 respectivamente, y las otras dos dictadas por el juez de la Sección 2ª. con fecha 11 y 13 de julio de 1914.

POR CUANTO de lo anteriormente relacionado y de la solicitud se desprende que se trata en este recurso de anular órdenes dictadas por distintos tribunales en distintos procedimientos tramitados uno en la sección 1ª. y otro en la sección 2ª. de la Corte de Distrito de San Juan, tribunales que de acuerdo con las leyes creadoras de los mismos, de marzo 8, 1906, pág. 93, y marzo 14, 1907, pág. 240, son completamente independientes con distintos jueces y con distinta jurisdicción, sin que el hecho de que el juez de una sección actúe como juez especial en la otra durante la ausencia del juez propietario, desvirtúe para nada la independencia ni la distinción que existe entre ambos tribunales, y la pureza del procedimiento exige que cuando se trata de revisar por medio del recurso de *certiorari* órdenes dictadas por distintos tribunales en distintos procedimientos, se presente una solicitud de *certiorari* distinta para cada tribunal, pues sería una mala práctica el acumular distintos jueces de distintos tribunales como partes demandadas en una misma solicitud de *certiorari*.

POR CUANTO no cabe anular por medio de este recurso las dos órdenes primeramente mencionadas, porque esta solicitud de *certiorari* no está dirigida contra el juez que dictó dichas órdenes, ni ha sido hecho él parte en este procedimiento, y porque ellas fueron dictadas en el caso de Sucesores de Abarca, S. en C., contra la Central Vannina, sobre cobro de una cantidad de dinero y nombramiento de administrador judicial, en cuyo caso no es parte el peticionario, y de acuerdo con la jurisprudencia sentada por este tribunal en los casos

de *Delgado* v. *La Corte de Distrito,* 8 D. P. R., 507, *Giménez* v. *La Corte de Distrito,* 9 D. P. R., 333, *Quiñones* v. *La Corte de Distrito,* 11 D. P. R., 433, y *Monserrat* v. *Foote, juez de distrito,* 17 D. P. R., 913, solamente en casos muy excepcionales procede el libramiento de un mandamiento de *certiorari* a petición de una persona que no ha sido parte en el pleito cuya revisión solicita.

POR CUANTO tampoco cabe anular la otra orden impugnada de julio 11, 1914, dictada por el Juez de la Sección 2ª. en el caso de *Antonio J. Amadeo* v. *Central Vannina,* sobre cobro de mil dólares y por la cual dicho juez denegó una solicitud de aseguramiento de sentencia fundada en la ley para asegurar la efectividad de sentencias de marzo 1, 1902, porque de la copia certificada unida a la petición de *certiorari* de la orden impugnada de mayo 4, 1914, dictada por el Juez de la Sección 1ª. se nombraron síndicos judiciales para la Central Vannina que han tomado posesión de los bienes de dicha corporación, y es un principio bien sentado por la jurisprudencia americana que no cabe embargar bienes que están en *custodia legis* por orden de otro tribunal de jurisdicción concurrente, no pudiendo perturbarse por medio de un mandamiento de embargo de otro tribunal la posesión que actualmente tienen los síndicos judiciales de los mismos bienes que el peticionario desea embargar.

POR CUANTO abrigamos algunas dudas en cuanto a la procedencia o improcedencia de la otra orden impugnada de julio 13, 1914, por la cual el juez de la Sección 2ª. denegó una moción del peticionario para que se anotara la rebeldía de la demandada en el caso pendiente ante dicha sección entre el peticionario y dicha corporación, sobre cobro de mil dólares y preferimos que el peticionario con respecto a esta orden concreta ejercite ante el tribunal inferior o ante este tribunal los recursos que estime procedentes.

POR TANTO, por los fundamentos anteriormente expuestos se desestima la solicitud de *certiorari* presentada en este caso y se deniega la expedición del mandamiento sin perjuicio

de que el peticionario con respecto a la orden de julio 13, 1914, mencionada anteriormente, ejercite en la forma y ante quien corresponda, los recursos que en derecho procedan.

*Desestimada la solicitud de* certiorari *y dene-
gada la expedición del mandamiento.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro, Aldrey y Hutchison.