NAZARIO, DEMANDANTE Y APELADA, *v.* ATLAS ASSURANCE COMPANY, LTD., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1618.—Resuelto en julio 9, 1917.

SEGUROS SOBRE INCENDIO—TÉRMINOS DE LA PÓLIZA—INTERPRETACIÓN DE CONTRATOS.—Cuando existe conflicto en los términos de una póliza de seguro en cuanto a la fecha en que comienzan y terminan los riesgos, el convenio debe ser interpretado en contra del asegurador, por ser él y no el asegurado quien extiende la póliza.

ID.—PÓLIZAS DE SEGURO—CONTRATOS POR ANUALIDADES.—En este caso se expidió una póliza de seguro contra incendio sobre una casa de la demandante, fechada el 6 de abril de 1914, expresándose en ella que el contrato era por un año, y que el riesgo comenzaba en abril 3, 1914, a vencer en abril 3, 1915. En abril 5, 1915, la casa fué destruída por un incendio. *Se resolvió:* Que la póliza fué un contrato por un año a vencer en abril 6, 1915.

ID.—RENOVACIÓN.—Cuando se extiende una nueva póliza, con distinto número, pagadera a la entrega, y por mayor cantidad que otra anterior existente, no puede decirse que se trata de una renovación, sino de un nuevo contrato.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. *Frank Martínez.*

Abogado de la apelada: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Una póliza de seguro por dos mil dólares, fechada el 6 de abril de 1914, fué expedida a Catalina Nazario allá por el 6 de abril de 1914. La póliza expresó que el contrato era por un año y también dijo que el riesgo comenzaba en abril 3, 1914, y venció en abril 3, 1915. En abril 5, 1915, se quemó en Mayagüez toda una manzana de casas, siendo la casa de Catalina Nazario, asegurada bajo la póliza, una de las destruídas. La acción se funda en la teoría de que, a pesar del error al mencionar la fecha del vencimiento, la corte podía resolver cuál era el verdadero convenio entre las partes, y si la demandante tenía razón dictar sentencia a su favor.

Como ambas partes convienen en que la casa de la demandante no estaba asegurada en los días comprendidos entre el 3 de abril de 1914 y el 6 de abril de 1914, y en que nada hubiera podido recobrarse por un fuego ocurrido entre estas fechas, es claro que existe un conflicto en los términos de la póliza. Si fuera un contrato por un año, no podría expirar en abril 3, 1915, y si expiró en abril 3, 1915, no podía ser un contrato por un año. Este es, en pocas palabras, el caso en su totalidad, habiendo las cortes resuelto que cuando existe tal conflicto en los términos de una póliza, el contrato debe ser interpretado en contra del asegurador, porque él y no el asegurado es quien extiende la póliza. *Thomson* v. *Phœnix Ins. Co.,* 136 U. S. 297; *McMaster* v. *New York Life Ins. Co.,* 182 U. S. 40; *Prudential Ins. Co. of America,* 237 Fed. Rep. 72; *Stinchcombe* v. *New York Life Ins. Co.,* 80 Pac. 215.

Pero el caso fué a juicio y allí se traslució que el agente de la compañía en Mayagüez tenía un libro de notas con un asiento expresivo de que la póliza vencía el 6 de abril, 1915. De la misma manera, la demandante declaró, y a ello la corte dió entero crédito, que ella había entendido que los riesgos

comenzaban a correr desde abril 6, 1914; que aceptó la póliza del agente allá por el 7 de abril de 1914, pagó el premio, y la guardó sin leerla. El agente confirmó su declaración, como la confirmaron también otros hechos. No se ha levantado cuestión alguna acerca de que se haya tratado de variar los términos de un contrato escrito mediante prueba testifical, aun cuando tal contención pudo haber sido provechosa. No existe verdadero conflicto en la prueba, y la corte resolvió en favor de la demandante.

La apelante cita un número de casos al efecto de que cuando las partes convienen en que una póliza de seguro ha de comenzar en cierta fecha, ésta puede retrotraerse, pero estos casos descansan generalmente en la teoría de que las partes intentaron que el contrato comenzara antes, y frecuentemente de que los riesgos estaban cubiertos o habrían de ser cubiertos por el período retrospectivo. Una situación de esta naturaleza frecuentemente surge cuando un agente conviene en asegurar, y la póliza no puede ser entregada inmediatamente. La intención de las partes es clara en todos estos casos de cláusulas retrospectivas.

La apelante insiste en que el contrato era para comenzar en abril 6, 1914, y vencer en abril 3, 1915, y en que la compañía nunca convino en asegurar más allá de esta fecha. Pero el término de un año expresado en la póliza entonces no tendría significado alguno. La solución propuesta por la apelante, de que la demandante recobrara esa parte del premio por los tres días que no estaban cubiertos por la póliza, constituye una admisión de que la demandante pagó por un año de aseguro. Este hecho fué admitido, si no probado.

El error en este caso arrancó del hecho de que la demandante tenía una póliza de seguro sobre la misma casa por mil trescientos dólares, que comenzó en abril 3, 1913, y venció en abril 3, 1914. En esta última fecha el agente de la compañía, quien no tenía poder para obligar a ésta, fué a ver a la demandante para tratar de renovarla. Ella dijo que deseaba una

póliza por dos mil dólares, y después de una inspección, la póliza en litigio fué extendida. No existe prueba alguna de que se extendiera u ofreciera una renovación de una póliza por mil trescientos dólares, como es frecuentemente la práctica. La apelante está en un error al decir que el contrato fué una renovación. El montante aumentado por si sólo niega esto, y la póliza fué en su forma un nuevo contrato con un nuevo número. Las partes negociaron sobre un nuevo contrato pagadero a la entrega. El agente no concedió crédito de ninguna clase a la asegurada. La práctica de cobrar un dólar sobre nuevas pólizas, que no tuvo lugar aquí, fué probablemente una omisión o una renuncia por parte del agente.

La explicación del error en la póliza probablemente descansa en el hecho de que los libros de las compañías aseguradoras dan mayor importancia a la fecha del vencimiento, y la persona que extendió la póliza la consideró como una renovación. Resolvemos con la corte inferior que la póliza fué un contrato por un año, desde abril 6, 1914, y la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.