LA ASOCIACIÓN DE MAESTROS DE PUERTO RICO, peticionaria, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. R. RAMÍREZ PABÓN, JUEZ, demandada.

Núm. 1673.—*Sometido:* Noviembre 5, 1946. *Resuelto:* Diciembre 3, 1946.

*Virgilio Brunet,* abogado de la peticionaria; *José Sabater,* abogado de las interventoras, peticionarias en el procedimiento de administración judicial.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los hechos en este caso, según aparecen expuestos por la peticionaria y los cuales no han sido controvertidos, son los siguientes:

Ante la Corte de Distrito de Mayagüez se inició la causa civil Núm. R1855 sobre administración judicial en relación con los bienes de Doña Gertrudis Ruiz, cuyos herederos, según resolución de la referida Corte de Distrito son Petra y Luisa Osorio y Ruiz, y Carmen Luisa y Pedro Gumbe y Ruiz, todos sobrinos de su causante Gertrudis Ruiz.

Gertrudis Ruiz fué miembro de la Asociación de Maestros de Puerto Rico hasta su fallecimiento y sus beneficiarios tenían derecho a una cuota mortuoria la cual se determina y

se paga conforme a las disposiciones del artículo 11 del Reglamento de la Asociación de Maestros de Puerto Rico.(¹) De acuerdo con ese reglamento la Junta Local de Mayagüez de la Asociación de Maestros de Puerto Rico dispuso que la cuota mortuoria de Gertrudis Ruiz le fuera pagada a los sobrinos Carmen Luisa y Pedro Gumbe y Ruiz.

Cuando ya la Asociación de Maestros había pagado una parte de la cuota mortuoria a dichos sobrinos, los otros dos sobrinos Petra y Luisa Osorio y Ruiz radicaron una moción en la Corte de Distrito de Mayagüez solicitando que por la referida Corte se ordenara a la Asociación de Maestros de Puerto Rico a depositar el balance de la cuota mortuoria en dicha Corte para beneficio de Petra y Luisa Osorio y Ruiz. Se basaba esta moción en el hecho de que habiendo cuatro sobrinos la cuota mortuoria era parte del caudal hereditario

(¹) El artículo 11, inciso "F", dice:

"F. Declaratoria de Beneficiarios. Todos los miembros de esta Asociación deberán llenar una tarjeta, que se les proporcionará, e indicar en ella la persona o personas a quienes desean instituir como beneficiarios de su Seguro en caso de muerte. Dicha tarjeta será firmada por el asociado en presencia del Presidente y Tesorero de su Junta Local y éstos certificarán el documento, enviándolo a las oficinas centrales de la Asociación, donde quedará archivado formalmente.

"Ninguna de estas tarjetas tendrá valor alguno para los efectos del Seguro si estuviere fuera del archivo oficial de la Asociación en la fecha del fallecimiento del asociado.

"Si un miembro fallecido no hubiere hecho por escrito la designación de sus beneficiarios, según se dispone en este Reglamento, el Presidente de la Asociación lo informará así al Presidente de la Junta Local a que estaba afiliado el asociado fenecido quien convocará inmediatamente a la Directiva Local a sesión extraordinaria para imponerla de esta circunstancia, de manera que se inicien inmediatamente por sus miembros investigaciones adecuadas para determinar quiénes son los familiares del asociado. En una reunión subsiguiente de dicha Directiva Local ésta tomará acuerdo formal disponiendo la distribución discrecional del importe de la cuota mortuoria del asociado fenecido en esas circunstancias a la persona, o entre las personas que, crean con más derecho o con mayor necesidad entre la viuda, hijos, padres, hermanos u otros familiares descendientes que tuvieron relación directa con el maestro fallecido; acuerdo éste que, debidamente certificado, se le trasmitirá al Presidente de la Asociación para su aprobación y cumplimiento.

"Si el maestro fallecido no hubiere dejado herederos forzosos ni persona alguna designada para recibir la cuota mortuoria, ésta deberá ser ingresada, después de transcurrido un año, en el Fondo de Reserva del Seguro."

y por tanto debía distribuirse por partes iguales entre los cuatro sobrinos. La Corte de Distrito al resolver dicha moción, sin disponer que la Asociación de Maestros de Puerto Rico fuera incluída como parte, declaró con lugar la moción y en consecuencia dispuso que por el Secretario se librara el correspondiente mandamiento dirigido a la Asociación de Maestros de Puerto Rico para que depositara el balance de la cuota mortuoria en dicha Corte. En su resolución la Corte de Distrito hizo un análisis de las disposiciones del reglamento de la Asociación de Maestros de Puerto Rico según el cual, cuando un asociado no deja herederos forzosos ni persona alguna designada por el asociado para recibir la cuota mortuoria el importe del seguro, una vez transcurrido un año, debe ingresar en el Fondo de Reserva del Seguro de la Asociación.

La Asociación de Maestros tuvo conocimiento de estos procedimientos ante la Corte de Distrito de Mayagüez cuando se le notificó con copia del mandamiento. Acto seguido solicitó la oportunidad de ser oída ante la corte inferior y en apoyo de su solicitud, radicó un memorándum de autoridades. Hubo oposición de las autoras de la moción y la Corte declaró sin lugar la solicitud. Veinte días después dicha Corte expidió una orden dirigida a los oficiales de la Asociación de Maestros para que comparecieran el 12 de septiembre ante dicha Corte a mostrar causa por qué no debían ser castigados por desacato por haber dejado de depositar en su Secretaría el balance de la cuota mortuoria. Compareció la Asociación y sometió un memorándum de autoridades respaldando su contestación a la orden para mostrar causa en la que alegó que la corte inferior carecía de jurisdicción y autoridad legal para obligar a la Asociación de Maestros de Puerto Rico a entregar suma alguna de dinero sin que antes se le venciera en juicio y sin que antes se le ofreciera la oportunidad de ser oída con respecto al derecho que alega

tener la Asociación de Maestros de Puerto Rico sobre la cuota mortuoria de Gertrudis Ruiz.

La Corte de Distrito se reservó el fallo y con fecha 25 de septiembre dictó resolución declarando culpables de desacato a los oficiales de la aquí peticionaria, señalando el día 14 de octubre para dictar la correspondiente sentencia.

Para revisar estos procedimientos expedimos el auto de *certiorari* en este caso.

No debemos en este recurso entrar a considerar y resolver el alcance o interpretación que deba darse al artículo 11 del Reglamento de la Asociación de Maestros en tanto en cuanto a si de acuerdo con sus disposiciones la cuota mortuoria de Gertrudis Ruiz debió repartirse por la Asociación entre sus cuatro sobrinos. La única cuestión principal ante nosotros es si la corte inferior tiene jurisdicción para castigar por desacato a la aquí peticionaria según anunció que lo haría en su resolución de septiembre 25, 1946, a menos que ella cumpliera con su orden anterior de que el balance de la cuota mortuoria de Gertrudis Ruiz fuera depositada por la peticionaria en la corte inferior para ser entregada a dos sobrinos que no aparecían como beneficiarios de dicha cuota.

Hemos resuelto que nadie puede ser castigado por desacatar una orden judicial dictada sin jurisdicción. *Núñez* v. *Soto Nussa,* 14 D.P.R. 199; *Asamblea Municipal* v. *Corte de Distrito,* 36 D.P.R. 702; *Paniagua* v. *Corte de Distrito,* 34 D.P.R. 674; *Ex Parte Le Hardy,* 17 D.P.R. 1024; *Coll* v. *Leake, Juez de Distrito,* 17 D.P.R. 857. ¿La tenía la corte inferior en este caso? Contestamos en la negativa.

La cuota mortuoria que Gertrudis Ruiz pagó a la Asociación para ser distribuída a su fallecimiento a los beneficiarios designados por ella o a aquéllos que fueran designados por la Asociación de acuerdo con el artículo 11, supra, no formaba parte del haber hereditario sujeto a la administración judicial pendiente ante la corte inferior. Lo mismo sucede con el importe de una póliza de seguros cuyos

beneficiarios son designados libremente por el asegurado sin sujeción a las disposiciones legales en relación con derechos hereditarios. Véase *Oliver* v. *Oliver,* 57 D.P.R. 491, y *Espósito* v. *Guzmán,* 45 D.P.R. 796. ¿Puede la corte, en una administración judicial del haber hereditario de un finado, ordenar a una entidad que no es parte en la administración y que tiene en su poder bienes que prima facie no forman parte de la herencia, que esos bienes pasen a formar parte de dicho caudal, sin haber sido vencida en juicio dicha entidad? Creemos que no tiene jurisdicción para hacerlo .y el no cumplimiento de dicha orden no constituye desacato.

La determinación de si la cuota mortuoria en el caso de autos fué bien o mal distribuída por la Asociación de Maestros entre los beneficiarios de Gertrudis Ruiz o si dicha cuota debe pasar a los fondos de la propia Asociación, son cuestiones que dependen de la interpretación de los términos y condiciones del contrato que existió entre Gertrudis Ruiz y la Asociación de Maestros de acuerdo con el artículo 11 de su reglamento, supra, y las cuales no podían propiamente ser resueltas dentro del procedimiento de administración judicial.

La Asociación de Maestros no era, ni podía ser parte, en dicho procedimiento y no tenía derecho a intervenir en el mismo.([2]) Esto lo admitió la propia peticionaria en la vista oral. Empero, ella fué llevada al procedimiento e indebidamente ordenada por la corte a cumplir una orden dictada sin jurisdicción, *Towner, Gobernador* v. *Corte de Distrito,* 39 D.P.R. 505, y en su consecuencia no podía ser declarada culpable de desacato.([3]) *MacLeod, Auditor* v. *Corte,* 47 D.P.R. 337. Y para revisar una actuación de esta

---

([2]) Ni bajo los términos de la Regla 24 de las nuevas Reglas de Enjuiciamiento Civil ni bajo los del art. 72 del Código de Enjuiciamiento Civil, podía reconocerse ese derecho a la aquí peticionaria.

([3]) El caso de *Dubón* v. *Casanova,* 65 D.P.R. 835, citado por la corte inferior en apoyo de su resolución es claramente inaplicable a los hechos del caso do autos.

naturaleza procede el certiorari. *Amadeo v. Rossy, Juez de Distrito,* 21 D.P.R. 350, y *Towner v. Corte,* supra.

*Se declara con lugar la petición y en su consecuencia se anula la resolución dictada por la corte inferior el 25 de septiembre de 1946 en el caso Civil Núm. R–1855, Ab Intestato de Gertrudis Ruiz y Parra.*

El Juez Asociado Sr. Snyder no intervino.