RAFAEL H. APARICIO BOSCH y CARMEN ANA BOSCH, asistida ésta de su esposo JULIO MANUEL CARRASQUILLO, demandantes y apelados, *v.* ASOCIACIÓN DE MAESTROS DE PUERTO RICO, demandada y apelante.

Núm. 10514.—*Sometido:* Enero 15, 1952. *Resuelto:* Junio 30, 1952.

*Virgilio Brunet,* abogado de la apelante; *Domingo Candelario,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

Los demandantes, como beneficiarios de Ana Bosch de Aparicio, miembro que fué de la Asociación de Maestros de Puerto Rico, a quien en adelante nos referiremos como la Asociación, radicaron demanda ante el Tribunal de Distrito de Puerto Rico, Sección de San Juan, reclamando de dicha Asociación el importe del seguro correspondiente a los demandantes como beneficiarios de su referida causante.

Las partes sometieron al tribunal inferior una estipulación sobre los hechos, la cual dice así:

"1. Que Ana Bosch de Aparicio ingresó en la Asociación de Maestros de Puerto Rico en septiembre de 1919 pagando las cuotas correspondientes a septiembre, octubre, noviembre y diciembre de 1919, todas las cuotas correspondientes al año 1920 y las correspondientes a enero, febrero, marzo, abril, mayo y junio de 1921 cuando dejó de pagar sus cuotas quedando su nombre eliminado como miembro de la Asociación de Maestros de Puerto Rico.

"2. Que Ana Bosch de Aparicio reingresó como miembro de la Asociación de Maestros de Puerto Rico en noviembre de 1922 pagando nuevamente la cuota de entrada y la correspondiente al referido mes de noviembre y continuó pagando sus cuotas a la Asociación de Maestros de Puerto Rico desde entonces (noviembre de 1922) hasta febrero de 1931 inclusive cuando nuevamente volvió a dejar de pagar sus cuotas dejando de ser miembro de dicha Asociación en febrero de 1931.

"3. Que Ana Bosch de Aparicio reingresó nuevamente como miembro de la Asociación de Maestros de Puerto Rico en octubre de 1934 cuando pagó su cuota de entrada y la correspondiente al mes de su reingreso, octubre de 1934, continuando desde entonces (octubre de 1934) al día en el pago de sus cuotas hasta la fecha de su fallecimiento ocurrido el 17 de mayo de 1949.

"4. Que Ana Bosch de Aparicio nació el 21 de enero de 1888."

Estipularon, además, las partes que las disposiciones reglamentarias contenidas en el Reglamento de la Asociación aplicables a este caso son las siguientes:

"a) 'Artículo III, Sección 7, Apartado (h).—Derechos de los miembros o socios activos.

" ' Los derechos específicos de los miembros o socios activos son:

" '(h) Recibir auxilio y trasmitir a sus beneficiarios el seguro de acuerdo con las disposiciones de este Reglamento.'

"b) 'Artículo XI, Sección I, Apartado E.—Limitaciones por edad.

" 'Todo asociado que al ingresar o reingresar en la Asociación haya cumplido cuarenta (40) años sin haber alcanzado el aniversario de los cuarenta y cinco (45) años, tendrá derecho sola-

mente a la cuota mínima de la Escala que estuviere en vigor en el año de su fallecimiento. Esta regla no será aplicable a los asociados que ya pertenecían a esta Asociación en el año 1919, si los mismos han continuado como miembros activos sin interrupción.

" 'Los miembros que al ingresar o reingresar en esta Asociación hubieren cumplido los cuarenta y cinco (45) años de edad no tendrán derecho a los beneficios del Seguro, *Disponiéndose,* que las limitaciones en cuanto a edad, no serán aplicables a los socios que, a pesar de tener al ingresar, más de la edad prescrita, han pagado sus cuotas por *veinte o más años* desde su ingreso en la Asociación; y los beneficiarios de los miembros que en tales condiciones estén fallecidos en 1947, o que fallezcan en lo sucesivo, tendrán derecho a todos los beneficios de dicho seguro como si esos miembros hubieran ingresado dentro de la edad reglamentaria.' "

Finalmente las partes radicaron en el tribunal inferior una "Estipulación Suplementaria" a virtud de la cual convinieron lo siguiente:

"Que si correspondiera pagar algún seguro a los beneficiarios de Ana Bosch de Aparicio y se tomara como base la fecha de su último ingreso en la Asociación o sea octubre de 1934, el importe del seguro montaría a la suma de $671.25; y si se tomara como base la fecha de su ingreso original en la Asociación, o sea septiembre de 1919, el importe del seguro alcanzaría a la suma de $1,055.22."

Con las anteriores estipulaciones quedó el caso sometido a la consideración del tribunal y éste dictó sentencia declarando con lugar la demanda y, en su consecuencia, condenó a la Asociación demandada a pagar a los demandantes la suma de $1,055.22, en proporciones iguales para cada uno de dichos demandantes, más la suma de $100 por concepto de honorarios de abogado de los demandantes y las costas del procedimiento.

No conforme con la sentencia, la Asociación demandada apeló y en este recurso alega que el tribunal inferior erró al resolver que el apartado E de la sección 1 del artículo XI del Reglamento de la demandada, sin tomar en cuenta la

sección 3 del artículo IV del Reglamento, era aplicable y al dictar sentencia por la cantidad de $1,055.22.

Por estar relacionados entre sí, discutiremos conjuntamente, como lo hace la apelante, los errores señalados.

 El presente caso gira en torno a la interpretación del Reglamento de la Asociación de Maestros de Puerto Rico, en el cual está incluído el contrato de seguro entre la Asociación y sus socios, comprendido en el artículo XI de dicho Reglamento. *Cf. Asociación de Maestros* v. *Corte*, 66 D.P.R. 705, 710.

Sostiene la Asociación apelante, y ésta es su contención fundamental, que los apelados no tienen derecho alguno al seguro. Entiende que de acuerdo con las disposiciones del artículo IV, sección 3 del Reglamento de la Asociación,([1]) las ocasiones en que la causante de los apelados ingresó en la Asociación en septiembre de 1919 y en noviembre de 1922 no pueden tomarse en consideración para determinar su derecho al seguro porque ella renunció a todos los derechos adquiridos durante esos dos períodos por haber dejado de pagar las cuotas que le imponía el Reglamento. Toda vez

---

([1]) "Sección 3.—SANCIONES: Si pasados los quince (15) días de gracia un asociado no satisface su cuota correspondiente, se considerará que dicho asociado renuncia a todos sus derechos en la Asociación de Maestros de Puerto Rico; *entendiéndose*, que la presentación del recibo al asociado o. cualquier otra gestión análoga de cobro por el Tesorero Local o su agente se considerará como gestión formal de cobro al asociado.

"El pago de cuotas mensuales después de transcurridos los quince (15) días de gracia reintegra al asociado moroso el derecho a voz; pero deja en suspenso sus demás derechos en la Asociación por un término de treinta (30) días después de haberse efectuado el pago.

"Se podrán pagar hasta cinco (5) cuotas atrasadas sin que sea necesario pagar la cuota de reingreso; pero al hacer el pago de una o más cuotas atrasadas, el asociado no recobra sus derechos anteriores, excepto el de voz, hasta treinta (30) días después de haberlo efectuado.

"Vencida y no pagada dentro del período de gracia la sexta cuota, el asociado moroso *podrá recuperar su status de miembro activo pagando su cuota de ingreso y la cuota mensual correspondiente al mes en que reingresa.* En tales casos, la Directiva de la Local a que pertenecía o la de la Local en que quisiere reingresar, o el Presidente de la Asociación, podrá exigir un certificado médico al peticionario si lo creyere conveniente." (Bastardillas nuestras.)

que su último ingreso en la Asociación tuvo lugar en octubre de 1934, cuando ya la causante de los apelados tenía más de 45 años de edad, sostiene la apelante que es de aplicación el artículo XI, sección I, apartado E, del Reglamento de la Asociación, que dispone, entre otras cosas, que "Los miembros que al ingresar o reingresar en esta Asociación hubieren cumplido los cuarenta y cinco (45) años de edad no tendrán derecho a los beneficios del Seguro..." En cuanto al "disponiéndose" del mismo apartado E de la citada Sección I, y el cual establece que la limitación de edad no se aplica a los asociados que han pagado sus cuotas por veinte o más años desde su ingreso en la Asociación, la apelante sostiene que el mismo no es de aplicación al presente caso, toda vez que cuando ocurrió el fallecimiento de la causante solamente había pagado 15 años desde la fecha de su último ingreso a la Asociación, o sea, octubre de 1934. Arguye la apelante que la intención de la Asociación al incorporar el referido "disponiéndose" no fué otro que el de proteger a los beneficiarios de aquellos maestros que, no teniendo derecho al seguro por pasar de los 45 años de edad al tiempo de su ingreso o reingreso, han estado pagando sus cuotas durante 20 o más años. Si el "disponiéndose" se interpreta en otro sentido, sostiene la apelante, se estarían burlando las disposiciones del artículo IV del Reglamento en el cual se expresa que el maestro que no paga sus cuotas renuncia a todos sus derechos en la Asociación.

No interpretamos el apartado E de la sección I, artículo XI del Reglamento de la Asociación en la forma en que lo hace la apelante. Aplicando dicho apartado a los hechos estipulados en este caso, tenemos que si bien es cierto que Ana Bosch de Aparicio tenía más de 45 años de edad a la fecha de su último ingreso en la Asociación, en octubre de 1934, no es menos cierto que ella satisfizo sus cuotas a dicha Asociación por más de 20 años desde su ingreso inicial en septiembre de 1919 hasta la fecha de su muerte en 1949. La interpretación que pretende la apelante exigiría que esos

"veinte o más años" transcurran consecutivamente desde la fecha del *reingreso*, lo que equivaldría a introducir un término no contenido en el referido "disponiéndose" del tantas veces citado apartado E, y el cual sólo exige que se hayan pagado tales cuotas desde la fecha del *ingreso*. Debemos interpretar dicho "disponiéndose" en forma liberal que favorezca al asegurado y en contra del asegurador...*Susoni Vda. de O'Neill* v. *Pac. Woodmen Life Ass'n*, 51 D.P.R. 537; *Nazario* v. *Atlas Assurance Co. Ltd.*, 25 D.P.R. 539; *Johnson* v. *Maryland Casualty Co.*, 125 F.2d 337; *Life & Casualty Ins. Co. of Tennessee* v. *Kinney*, 177 S.W.2d 768; *Shain* v. *Mutual Benefit, Health & Accident Ass'n*, 7 N.W.2d 806; 29 Am. Jur. 180, sec. 166; *Morgan* v. *Pacific Life Benefit Ass'n*, 147 P.2d 1013; *Wait* v. *Journeymen Barbers' International Union*, 297 N.W. 630; *Koenig* v. *Journeymen Barbers, H. & C. International Un.*, 20 N.W.2d 332; 1 Couch, *Cyclopedia of Insurance Law*, secs. 168, 186*a*, 188 y 188*b*.

El caso de *Wait* v. *Journeymen Barbers' International Union*, supra, ratificado en el de *Koenig* contra la misma demandada, supra, presenta una situación similar. Allí un miembro de una unión, y que estaba asegurado con ella desde el 1919, fué suspendido como miembro por no haber pagado sus cuotas en el año 1936. En 1937 fué readmitido y continuó pagando hasta el año 1939 en que murió. La póliza exigía que el asegurado fuera un *"continuous contributing member"* durante quince años o más para que los beneficiaros tuvieran derecho al máximo de la póliza. La corte resolvió que nada había en la póliza que exigiera que los quince años continuos tuvieran que ser inmediatamente anteriores al fallecimiento del asegurado y que habiendo éste contribuído durante más de quince años desde que ingresó originalmente en la unión los beneficiarios tenían derecho al máximo fijado en la póliza.

En el caso de *Koenig*, supra, los hechos eran aún más fuertes. El miembro ingresó en la unión en 1911 y pagó sus cuotas hasta el 1930 en que se retiró de la unión. En

agosto de 1933 se le admitió de nuevo y en noviembre del mismo año se le suspendió por falta de pago de cuotas. Dos años más tarde, en 1935, se le admitió de nuevo pagando la cuota de reingreso y continuó en la unión hasta el año 1944 en que falleció. Aplicando la misma doctrina del caso de *Wait*, supra, al efecto de que era el deber de la corte interpretar la obligación contractual del asegurador en la forma más liberal favorable al beneficiario, se resolvió que éste tenía derecho al máximo de la póliza por haber el asegurado sido un "miembro contribuyente continuo" de la unión por más de quince años.

La sección 3 del artículo IV del Reglamento de la Asociación—véase la nota (1)—establece sanciones contra los socios que dejan de pagar sus cuotas y se dispone que un asociado podrá pagar hasta cinco cuotas atrasadas sin necesidad de pagar la cuota de reingreso y que "Vencida y no pagada dentro del período de gracia la sexta cuota, el asociado moroso podrá recuperar su *status* de miembro activo pagando su cuota de ingreso y la cuota mensual correspondiente al mes en que reingresa." Esta sección 3 también dispone que transcurrido el período para pagar la cuota, si éste pago no se efectúa, se considera que el asociado entonces "renuncia a todos sus derechos en la Asociación de Maestros de Puerto Rico".

Las anteriores sanciones no pueden afectar los derechos del asociado que deja de pagar seis cuotas si él cumple con pagar su cuota de ingreso y la cuota mensual correspondiente al mes en que reingresa, ya que en ese momento dicho asociado *"recupera su status de miembro activo"* y por tanto, tiene derecho a los beneficios del seguro que concede el Apartado E de la Sección I del Artículo XI del Reglamento a aquellos miembros que ingresan o reingresan teniendo 45 años cumplidos pero que hayan satisfecho las cuotas correspondientes a 20 o más años a partir de su ingreso en la Asociación. De los hechos estipulados aparece que la causante de los apelados pagó en octubre de 1934 su cuota de

reingreso y la cuota de octubre de 1934. Como consecuencia, "recuperó su *status* de miembro activo".

■■ En cuanto a la cuantía del seguro que pueda corresponder a los demandados, como beneficiarios de Ana Bosch de Aparicio, las partes convinieron en la "Estipulación Suplementaria" que si se tomara como base la fecha de su último reingreso en la Asociación, o sea octubre de 1934, el importe del seguro sería la suma de $671.25 y si se tomara como base la fecha de su ingreso original en la Asociación, o sea septiembre de 1919, el importe del seguro ascendería a la suma de $1,055.22. La corte inferior concedió esta última suma.

La apelante, en cuanto a este particular, cita el apartado D de la sección I, artículo XI del Reglamento de la Asociación que establece que "El derecho a los beneficios del seguro se empezará a contar a los seis (6) meses de la fecha del ingreso o *reingreso* del asociado en esta Asociación" y sostiene que si los apelados tuvieran derecho a recibir el beneficio del seguro éste deberá empezarse a contar a los seis meses de haber la causante reingresado a la Asociación, o sea seis meses contados a partir del mes de octubre de 1934, que fué la fecha de su último reingreso en la Asociación, y por lo cual les correspondería en tal caso la suma de $671.25 de acuerdo a lo convenido en la "Estipulación Suplementaria". Arguye la apelante, además, que no se podría retrotraer el derecho de los apelados a la fecha del ingreso original de su causante en septiembre de 1919, pues esos derechos ella los renunció en junio de 1921 al dejar de pagar sus cuotas y nuevamente volvió a renunciarlos en febrero de 1931, al dejar de pagar sus cuotas después de haber reingresado en noviembre de 1922. Tiene razón a nuestro juicio.

El apartado D, supra, forma parte, al igual que el Apartado E tantas veces citado, del contrato de seguro de los miembros de la Asociación. No obstante ser el apartado D de carácter general y el E de carácter especial, no están en conflicto, como sostuvo la corte inferior, y pueden aplicarse

independientemente el uno del otro. Como hemos dicho antes, el apartado E se refiere a un requisito *de edad* para tener derecho al seguro, el cual es *dispensado* si el socio ha pagado cuotas por veinte o más años desde su *ingreso* en la Asociación, mientras que el apartado D lo que hace es establecer una fecha de partida para tener *derecho* a los beneficios del seguro, la cual se empezará a contar desde los seis meses posteriores al ingreso o *reingreso* del asociado.

A la causante de los apelados, habiendo satisfecho más de veinte años de cuotas desde su ingreso, se les dispensó el requisito de edad. Empero,. el derecho a los beneficios de su seguro no podía empezar a contarse sino transcurridos seis meses desde la fecha de su reingreso en el año 1934.

*Debe modificarse la sentencia apelada rebajando la cuantía concedida de $1,055.22 a $671.25 y así modificada se confirma.*